Cunningham, Judge.
The complaint in this action is in the usual form for the recovery of lands, and was filed December 31st, 1907. It is necessary for us to consider but one of the numerous defenses urged by the appellee, as defendant below, vis., his cross-bill wherein defendant alleges ownership in fee to the land in question tinder and by virtue of a tax or treasurer’s deed bearing date November 12, 1898, and recorded October 20, 1900, and a quit claim deed from the grantee named in said tax deed. Defendant also in his cross-bill attempts to plead himself within the provisions *279 of Section 4089 E. S., of tlxe seven year statute of limitations. In his cross-bill the defendant asks that the title to the land be quieted in him. Each of the parties attacked the other’s pleadings as insufficient. In the view we take of the case, it has not become necessary for us to determine the nice questions of pleadings and appellate practice raised and ably discussed by counsel for each of the parties. Appellant established good title, unless the tax deed relied upon by appellee was, when taken in connection with the seven year statute, sufficient to divest appellant’s title. The tax deed offered by defendant and admitted in evidence was clearly void on its face for the reason that it appears on the face of said deed that the land in question was sold for taxes and bid in by the county treasurer for and on behalf of the county on the first day of the tax sale.—Vanderpan v. Pelton, 22 Colo. App., 357, 123 Pac., 960; Empire R. & C. Co. v. Howell, 22 Colo. App., 389, 125 Pac., 592.
Defendant’s evidence offered for the purpose of. proving seven years’ continuous possession as required by Section 4089 E. S., was clearly insufficient for that purpose. The only witness called to prove continuous possession was the defendant himself, and his only testimony in that behalf is as follows:
“Q. How long have you lived on the land? A. Well, I moved some stuff on in 1900, and moved with the family in 1901, in the spring. Q. When you went on the land was there any improvement there? A. Well, the land was fenced and about fifteen acres were farmed. Q. By whom? A. L. H. Bevier. Q. That is the man who got the tax deed, Exhibit 1? A. Yes, sir, the same man. ’ ’
It will readily be seen that this testimony nowhere states whether the defendant had resided upon the land continuously, either from the date when he “moved some *280 stuff on in 1900,” or from the date when he “moved with the family in 1901, in the spring.” For aught that appears, he may not have lived continuously upon the place, or for any considerable length of time. In Hurlbut v. Bradford, 109 Ill., 397-400, it is said:
“Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on, the proof must be clear and convincing. Such title should not be overcome by loose and uncertain testimony, or upon any conjecture or violent presumption.”
In Evans v. Welch, 29 Colo., 355-364, Mr. Justice Campbell, speaking for the court, uses this language:
“It is incumbent upon one who relies upon an adverse possession to extinguish the legal title to establish the necessary facts by clear and satisfactory evidence. All presumptions -are in favor of the legal holder, and the burden of overcoming them rests with him who assails the legal title. ’ ’
See also Flemming v. Howell, 22 Colo. App., 382; 125 Pac., 551.
In order to further meet the proof required by the provisions of Section 4089, defendant offered, and over the objections of the appellant the trial court permitted him to introduce, tax receipts tending to show the payment of taxes by the appellee for a period of fourteen years, but several of these receipts showed on their faces that they were for taxes paid prior to the date of the recording of the tax deed, and for that reason should have been excluded, or, if admitted, their purpose should have been limited to the question of the amount of taxes which appellee would be entitled to recover in the event his tax deed was held void and cancelled. The first pay *281 nient of taxes made upon the land involved, after the tax deed had been placed of record, bears date April 24, 1901. As we have seen, the complaint was filed December 31, 1907. Therefore, it is plain that the defendant and his grantor had not paid taxes on the land for seven successive years after the tax deed was recorded. Further, it appears that the tax receipt for the taxes of 1900, paid on April 24, 1901, was issued to John Weisshess. No attempt was made to prove that there had been any clerical error in the preparation of this receipt, or that notwithstanding the radical dissimilarity in the names, appellee actually paid the taxes represented by said receipt. Under this state'of the record we may not indulge the presumption that appellee ever paid the taxes for the year 1900. Hence, in two essential features, at least, defendant’s proof wholly failed to establish title to the land in himself under the provisions of Section 4089 R. S. —Clark v. Lyon, 45 Ill., 388-391; Iberg v. Webb, 96 Ill, 415-16.
Moreover, the tax receipt for the taxes of 1903, paid January 28, 1904, contains no description of any land whatever, and no evidence was offered to connect it with the land here involved. Hence it possesses no probative value in this cause. Two of the tax receipts offered covered payments made after the institution of the action, and for that reason cannot aid appellee’s claim of title. —Empire R. & C. Co. v. Howell, supra.
The evidence of the appellant, plaintiff below, being sufficient to establish title in himself in the., first instance, and appellee’s evidence wholly failing to establish any right in himself under the tax deed, save the right to recover back the taxes which he had paid, together with penalties thereon, and the record evidence offered by the appellee for that purpose appearing, on its face, fatally defective, no good purpose can be subserved by *282 remanding the cause for a new trial. The judgment of the trial court is therefore reversed, with instruction that it set aside the decree and judgment heretofore entered in behalf of appellee, and enter judgment in behalf of appellant. Upon condition, however, that the appellant, within a reasonable time to be fixed by the trial court, shall pay into court for the use and benefit of the appellee, the taxes heretofore paid on the land by appellee, together with the statutory interest and penalties thereon. Judgment Reversed.
Decided November 11, A. D. 1912.
Rehearing denied January 13, A. D. 1913.