[No. 3967.]

GIBSON V. HUFF.

1. EVIDENCE—*Objections to Testimony.* An objection that a particular matter offered in evidence is "incompetent, irrelevant and immaterial and not responsive to any issue in the cause," does not challenge the sufficiency of the answer under which the evidence is offered. (145)

2. PLEADING—*Waiver.* Plaintiff by replying to an answer does not waive the objection that it fails to state facts sufficient to constitute a defense. (145)

3. APPEALS AND ERROR—*Pleading Not Objected to Below.* An objection that a pleading does not state sufficient facts, though it may be raised in the court of review for the first time, is regarded with disfavor. (145, 146)

4. LIMITATIONS—*Payment of Taxes Under Color of Title,* must, to avail, be pleaded with exactness. A paper title, obtained in good faith, must be shown. (146)

Where the defendant fails to allege good faith in the acquisition of the title, or give any evidence of good faith, it is error to exclude evidence that the payment of taxes for a portion of the seven-year period was made under another and different deed than that relied upon in proof. Such testimony tends to prove lack of faith in the first title, and a transfer of faith to that subsequently acquired, which would change the date from which the seven-year period should be computed. (146, 147)

5. ——*Good Faith,* may be inferred from the conduct of the party. (148)

*Error to Kiowa District Court.* HON. C. S. ESSEX, Judge.

MR. JOHN F. MAIL for plaintiff in error.

MR. J. H. VOORHEES for defendant in error.

MORGAN, J.

Action in the lower court for possession of real property, begun April 1, 1911. Plaintiff alleged and proved title in himself. Defendant pleaded and proved, to the satisfaction of the trial court, his claim under the seven years' statute of limitation, sec. 4089, Rev. St. 1908, and had judgment. Plaintiff brings error.

The first assignment is that the court erred in admitting the tax deed offered by defendant as color of title, over plaintiff's objection that it was "incompetent, irrelevant, and immaterial, and not responsive to any issue raised in the cause." The evidence was competent, relevant and material, and responsive to the issue raised by plaintiff's replication, in the form of a general denial, to defendant's plea, aforesaid. If plaintiff intended to attack the plea because of insufficiency, he should have filed a general demurrer to it, or, objected to the introduction of the deed on the ground that the plea did not state facts sufficient to constitute a defense. By replying to the plea he did not waive the right to object to the introduction of the evidence on the ground that the plea did not state sufficient facts to constitute a defense; but, as the plea disclosed enough to show the statute relied upon, by replying, he thereby made the issue on the plea, and thus rendered the deed responsive to that issue. The objection therefore did not raise the question of the sufficiency of the plea, and there was no error in overruling it, and admitting the deed. The plaintiff raises in this court for the first time this direct question as to the sufficiency of the plea aforesaid on the particular ground that it did not state facts sufficient to constitute a defense, in that it did not plead *good faith,* and did not state what kind of title it was that was relied upon. Although this question, generally speaking, may be raised at

any time, it is not looked upon with much favor when raised for the first time in the higher court, and it will not be given any consideration now, except to say that, while it may be readily inferred from the plea that the seven years' statute of limitation was relied upon, nevertheless, it should have followed the statute and should have stated that the claim and color of title were made and obtained in *good faith* under a *paper title*. He who relies upon this statute must plead and prove with exactness the facts upon which it is based. *Brinker v. U. P. D. & G. Ry. Co.,* 11 Colo. App. 166, 55 Pac. 207; *Everbille v. Leadville T. M. & D. Co.,* 28 Colo. 241, 64 Pac. 200; *Webber v. Wanamaker,* 39 Colo. 425, 89 Pac. 780; *Upham v. Weisshaar,* 23 Colo. App. 277, 128 Pac. 1129; *Silford v. Stratton,* 54 Colo. 248, 251, 130 Pac. 327.

This question as to the defendant's pleading and proof is involved in the further contention that the court erred in refusing to permit the plaintiff to prove by the defendant, on cross-examination, that he paid the taxes for the last four years of the necessary seven, under and by virtue of a different deed and title than for the first three years. This contention emanated when it was elicited on cross-examinaton that defendant had taken several tax deeds on sales of the land for taxes made prior to the sale under which he obtained the deed introduced in evidence as his color of title, and also that he had purchased an outstanding tax title after he had been paying taxes for three years under the deed introduced aforesaid. Counsel for plaintiff, after eliciting these facts, asked him:

"Q. In 1906, when you paid the 1905 taxes, under which of these deeds did you pay it? Objected to as incompetent, irrelevant and immaterial. Objection sustained. Exception."

Then an offer was made by plaintiff's counsel to prove by the witness that he paid the taxes for the last four years, 1905 to 1909, not under the deed introduced and relied upon in the proof, which was taken in 1901, as color of title, but under the outstanding tax title he had purchased in 1905.

This offer was rejected, and exception allowed. This was reversible error, when considered in connection with the failure to allege good faith, and the absence of testimony from which good faith might be inferred or presumed. The plaintiff had the right to "put it to the test," and ascertain the fact as to whether defendant had so paid the last four years' taxes under a different title than the one under which he had been paying, and upon which he was relying in this action, as such admission on defendant's part would have tended to prove lack of faith in his first tax deed and an abandonment of his first title, and that he had transferred his reliance and his faith to the subsequently acquired title. If this were true, in its strongest import, it would change the date from which the seven years' time should commence to run under the statute, from the date relied upon under the first tax deed to the date of the payment of taxes under the subsequent title; and the later date was not seven years before the action was begun. Although a person may strengthen his title in such instances, by subsequently obtaining another title, yet he may not pay the taxes under the subsequent title, and rely entirely upon it and the payments under it, and, then plead and rely upon payments under a prior title, because, by so shifting his position, he loses his rights obtained by payments under the prior title. Whether plaintiff could have made his offer good and proved the fact is not for this court to say; on cross-examination, the witness should have been required to answer the question propounded, and the plaintiff should have been given the opportunity to prove that defendant had so shifted his position.

It is with some hesitation that this case is reversed, under the circumstances surrounding this error, but it is beyond the foresight or the prophecy of this court to assume or to foretell what the witness might have answered, or what the plaintiff could have proved by him. A reasonable probing of the defendant, on cross-examination, should have been permitted. He had failed to allege good faith in his plea of the statute,

and he said nothing in his testimony from which it might be directly inferred, or necessarily presumed; and while it is not intended to hold that good faith may not be presumed from his acts, it should have been pleaded, and a liberal cross-examination should have been allowed to ascertain the truth both as to his good faith, and as to which title he was actually relying upon.

*Reversed.*