## No. 10,428.

### SULLIVAN *v.* SCOTT.

Decided June 4, 1923.

Action to quiet title.    Judgment for plaintiff.

### *Reversed.*

1. REAL PROPERTY—*Color of Title.* Title cannot be based on a claim of good faith under a tax deed which had been deliberately abandoned.

2. WORDS AND PHRASES—*Color of Title,* is that which in appearance is title, but which in reality is no title.

3. COLOR OF TITLE—*Good Faith.* No one can in good faith claim color of title under a writing which he knows conveys nothing.

4. DEED—*Color of Title—Good Faith.* A deed may give color of title even though a critical legal examination might disclose defects fatal to its validity. The fact that it is void is not sufficient to show bad faith where the claimant has given adequate consideration for it.

5. REAL PROPERTY—*Payment of Taxes under Color of Title—Proof.* Where title is based on payment of taxes under color of title, the proof must be clear and convincing.

*Error to the District Court of Yuma County, Hon. George H. Bradfield, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit to quiet title, alleging title and possession. Defendant answered setting up a title emanating from the government.

Plaintiff in her replication set up that in 1899, a tax deed for the land in controversy was issued to L. R. Scott, who on March 1, 1909, conveyed the land to plaintiff; that she claims under said tax deed; that it constitutes color of title obtained in good faith; that the land was vacant and unoccupied when the tax deed was issued, and that she and her grantor paid all taxes on said land for seven successive years after June 25, 1909, when said deed of March 1, 1909, was recorded, by reason of which facts she should be adjudged the owner of said land under and by virtue of section 4090, R. S. 1908.

She further alleged that on November 11, 1905, a tax deed was issued to her, and recorded October 24, 1906; that for more than seven successive years immediately prior to the beginning of this action she had had actual possession of said land, and had, during said period, paid all taxes levied "under such paper title above set forth"; that she held said land under color of title obtained in good faith, and that she was entitled, under section 4089 R. S. 1908, to be adjudged the owner of the same. Judgment was rendered for the plaintiff.

It appears from the record that the tax deed issued to plaintiff as above stated was upon a certificate issued to her husband L. R. Scott, on a sale November 10, 1902, and by him assigned to the plaintiff. The court found that the land was in fact vacant and unoccupied from 1909 to 1919; that the taxes were paid during said time by the plaintiff, and that the tax deed of 1899 was void for defects not appearing on its face. The court held that all payments from the year 1909 to 1919 may be regarded as

payments of taxes under the first tax deed, and that, being for a period of more than seven years, they satisfy the statute. The court found "generally for the plaintiff, and particularly that plaintiff secured color of title under the tax deed of 1899, acquiring title thereto on June 25, 1909, and that she is claiming thereunder, and that the taking of title and the payment of taxes thereunder were in good faith."

On the question of good faith the court said: "If plaintiff had knowledge of any infirmity in the tax deed of 1899, and proceeded to act under the same, claiming it as color of title, yet knowing of its defect, this would be evidence tending strongly to show legal bad faith."

It is difficult to see upon what ground the court found that the plaintiff was acting in good faith, under his own statement of what would indicate bad faith, as above recited. When plaintiff took the quit claim deed of March 1909, through which she traces title, she must have had knowledge that she thereby acquired no title under the tax deed of 1899, because she herself held, at that time, under a tax deed issued on the sale in November, 1902, which cut off the earlier title. That deed was taken out by her on a certificate issued to L. R. Scott, her husband, for the purpose, as he testified, of strengthening his title by a new deed. He further testified that the plan under which the land was allowed to be sold for the tax of 1901, was to take title in the name of some third person.

Evidently the plaintiff was the person selected to hold title for Scott. If she were, as would thus appear, a mere figurehead for him, she is affected by his knowledge and purpose. When, therefore, he elected to initiate a new title by the sale in 1902, no one holding title for him can be regarded as claiming in good faith under the deed of 1899 thus deliberately abandoned. If, on the other hand, she were not a mere passive agent of her husband, and paid the taxes from 1906 to 1908, inclusive, on her own account, she must be held to have paid them to protect her title under the tax deed issued to her in 1906, since she

had no interest under the deed of 1899 until March 1, 1909. Until that date the 1899 title was in the husband. The evidence shows such joint or cooperative dealings between these parties as renders it impossible to suppose that when she took title under the second tax deed, and when she paid taxes under it for three years, she believed the first tax deed to be effective. In other words, the conclusion is inevitable that she knew of and shared in Scott's purpose to wipe out the first tax title by the sale in 1902. That purpose having been effected, she could not thereafter, when she took the deed in 1909, claim in good faith under the deed of 1899, thus rendered ineffective.

Color of title is "that which in appearance is title, but which in reality is no title." No one can in good faith claim color of title under a writing which he knows conveys nothing. To him it does not appear to convey title, and he cannot honestly claim under it.

This court has said that a deed may "give color of title, even though a person of legal learning and experience may by critical examination discover defects in the instrument fatal to its validity." (*De Foresta v. Gast*, 20 Colo. 307, 38 Pac. 244), and the fact that it is void is not sufficient to show bad faith where the claimants under it have given an adequate consideration for it (*Parker v. Betts*, 47 Colo. 428, 107 Pac. 816), yet a claim known to be worthless cannot be asserted in good faith. True, it may not be necessary that a claimant be fully assured that the title claimed is good; but certainly when good faith is demanded as a condition of a valid claim, one cannot found it on that which he knows does not exist.

In *Dem v. Hunt*, 20 N. J. L., 487, it is said:

"A party, who sets up an adverse possession under color of title, must act bona fide, or in other words he must be honest. He must believe his deed to be valid in law and that it conveys to him a good title to the land, although it may turn out that another person has a better title."

In 2 C. J., at page 201, it is said:

"Good faith * * * means nothing more or less than

that the person honestly believes that he has acquired a good title, although upon investigation it proves otherwise."

And at page 202, it is said:

"The possession cannot be said to be acquired in good faith where the claimant knew that the title was absolutely worthless."

In *Hardin v. Gouveneur,* 69 Ill. 140, cited with approval in *Knight v. Lawrence,* 19 Colo. 425, 36 Pac. 242, it is said:

"A party receiving color of title, knowing it to be worthless, or in fraud of the owner's rights, although he holds the color and asserts the claim, cannot render it availing, because of the want of good faith."

The court entirely ignored the tax deed of 1906, and made no findings concerning it. The judgment must then, rest on the allegations as to the deed of 1899, and the evidence in support thereof.

To justify a judgment for plaintiff, the evidence should be clear and convincing, and in accordance with the case made by the pleadings.

The *Upham v. Weisshaar,* 23 Colo. App. 277, 128 Pac. 1129, the following is quoted from an Illinois case:

"Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on, the proof must be clear and convincing. Such title should not be overcome by loose and uncertain testimony, or upon any conjecture or violent presumption."

The court's findings are not based upon any allegations of the replication, by which plaintiff's title was set out, nor are they supported by the evidence. As the case must be reversed for the reasons above indicated, it is not necessary to consider the other errors assigned.

The judgment is reversed.

MR. JUSTICE ALLEN not participating.