No. 10,303.

McMillen v. Hayman, et al.

Decided November 5, 1923. Rehearing denied January 7, 1924.

Action to quiet title.   Judgment of dismissal.

*Affirmed in Part.*

*Reversed in Part.*

1.  EVIDENCE—*Quieting Title—Burden.*  In an action to quiet title, whether plaintiff is the owner in possession, is a question of fact, upon which he has the burden of proof.

2.  JUDGMENT—*When Proceedings Stop.*  When proceedings in an action stop, one side or the other is entitled to judgment on the record, and if there is an issue of fact, and no evidence, judgment must go against him who upon the record has the burden of proof.

3.  PLEADING—*Answer—Counterclaim.*  In an action to quiet title, defendant by answer denied plaintiff's ownership and possession, and alleged title in herself; she also set up the same title by way of counterclaim.  Held, that the voluntary dismissal of the counterclaim did not expunge the allegation of defendant's ownership in the answer proper, and left a question of fact pending for determination.

4.  APPEARANCE—*Motion to Dismiss.*  A motion to dismiss on the ground that the complaint states no cause of action, constitutes a general appearance.

5.  DEFAULT—*Pleading.*  A motion by defendant to dismiss, after default has been entered against him, has no standing unless the default is set aside.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. C. S. Essex, Mr. B. C. Durall, for plaintiff in error.

Mr. F. L. Taylor, Mr. E. F. Chambers, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error was plaintiff below. The action was to quiet title and was brought against defendant Hayman alone. The plaintiff, claiming that he was entitled to judgment on the pleadings, declined to proceed after his motion for such judgment was denied. The cause was then dismissed, and he brings the case up for review.

The judgment, so far as Hayman is concerned, was right, because there was an issue of fact whether plaintiff was owner and in possession, upon which plaintiff had the burden of proof, *Wall v. Magnes,* 17 Colo. 476, 30 Pac. 36; 32 Cyc. 1369, 1370. The court followed the elementary rules that when proceedings stop one side or the other is always entitled to judgment upon the record, and, if there is an issue of fact and no evidence, judgment must go against him who upon the record has the burden of proof.

The complaint was in the usual simple form as in *Empire Co. v. Bender,* 49 Colo. 522, 113 Pac. 494: "* * * That he is the owner in fee and in possession of the following described property * * *." Hayman in her answer denies plaintiff's ownership and possession, and alleges a deed to her from one Yost and title in herself. She also set up the same title by way of counterclaim, praying that it be quieted in her, but this was later voluntarily dismissed. Plaintiff now claims that the dismissal of the counterclaim expunged the allegation of defendant's ownership in the answer proper, leaving but a denial of plaintiff's title and possession, which, under *\*Wall v. Magnes* and *\*Empire Co. v. Bender, supra,* would amount to a disclaimer, but we think the dismissal of the counterclaim left the allegations of the answer proper intact. It follows that there was an issue of fact pending when the plaintiff declined to proceed.

---

\* These cases hold that in a suit to quiet title, a denial of plaintiff's title without assertion of title in defendant, is futile and amounts to a disclaimer.

After answer Yost was made a party, summons was served on him, and a default entered. Some months later plaintiff filed a motion for judgment; Yost then filed a motion to dismiss as to him and to quash the summons. . One of the grounds for dismissal was that the complaint stated no cause of action against him. This, of course, constituted a general appearance, waived the motion to quash, and left Yost a party defendant in default. His motion to dismiss seems never to have been heard, but since it was filed after default had been entered, it had no standing until the default should be set aside, which could only be done on proper showing but he made no showing or motion to that end. Under these conditions the court was in error in refusing judgment by default against him.

These considerations make it unnecessary to consider the many other questions raised in the brief. . .

Judgment affirmed as to Hayman and reversed as to Yost with costs against Yost. Remanded as to Yost for proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.