No. 11,234.

Scott, et al. *v.* Sullivan.

Decided March 15, 1926.

Action to quiet title. Judgment for defendant.

*Affirmed.*

1. Actions—*Real Property—Dismissal.* Plaintiff in an equitable action to try title to real property may not, by a voluntary dismissal of the action, preclude the court from granting affirmative relief to defendant, if he has set forth in his answer, though not in form of a counterclaim, the title which he claims.

2. Practice and Procedure—*Trial—First Day of Term.* Under the rule of the court and practice prevailing in the district, parties were bound to know that all cases at issue stand for trial on the first day of the term, and may then be tried if the court sees fit and has time therefor.

3.  Appeal and Error—*Parties*. Only one who is a party to an action may complain of any ruling of the trial court made therein.

4.  Judgment—*Vacation*. Motion to vacate a judgment entered on the first day of the term without the presence of plaintiff, held properly overruled, the mistake of plaintiff in assuming the case would not be called for trial on that day, being inexcusable.

5.  Taxes and Taxation—*Quieting Title—Taxes Paid*. Where one claiming real property under a tax deed in an action to quiet title, fails in his suit, he cannot recover for taxes paid, in the absence of proof of payment and amount.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. Henry E. May, Mr. Albert E. Bogdon, for plaintiffs in error.

Mr. John F. Mail, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

The action is one to quiet title to real estate. At the first trial the findings were in favor of the plaintiff and a decree passed adjudging title to be in her. Upon a review of that decree in this court, *Sullivan v. Scott*, 73 Colo. 451, 216 Pac. 515, the same was set aside and the cause remanded for a new trial. This court in its opinion said that the plaintiff based her title upon two separate tax deeds: One executed in 1889; the other in 1906. The opinion further states that the trial court made no findings as to the 1906 deed, but made its findings under the allegations respecting the 1889 deed. The parties are not in accord as to the reason for remanding the cause generally without specifying upon what issue a new trial was to be had, or without directing a specific

judgment. We are inclined to the view that the plaintiff's contention that the case was sent down for trial on the issues as to the 1906 deed is correct, but the reason for remanding is immaterial since, at the second trial which we are now reviewing, the court found that both tax deeds were void, the earlier one so declared by the Supreme Court, the later one by the trial court under the evidence, and thereupon adjudged the title to be in the defendant upon his proofs of his own title. The proceedings in the district court, after our remittitur was sent down were unusual. It appears that the plaintiff had suggested to Judge Stephenson, one of the judges of the district court of this district, that he call in a judge of another district to try the case because the plaintiff did not wish Judge Stephenson to try it. Thereupon Judge Stephenson requested Judge Hersey of the Second District to try the case and it was set down for trial on two or three different days, but because of the inability of Judge Hersey to be present at either time, all the trial orders were vacated and the cause was continued by stipulation until the term of court which convened April 15, 1924. On the preceding day, the 14th of April, the plaintiff filed in the court the following voluntary dismissal: "Comes now Minnie K. Scott, the plaintiff herein, in her own proper person, and without prejudice, and at her costs, dismisses this action." She did not appear in person thereafter during this term. On the following day, the first day of the April term, Coen, Mallory & Paynter entered their appearance as her attorneys. John F. Mail appeared as attorney for the defendant. When the attention of the court, Judge Stephenson presiding, was called to this alleged dismissal, defendant's counsel stated that he neither agreed to nor resisted it, but demanded a hearing upon the question of his own title. The court granted the demand, heard defendant's proofs, made findings of fact in his favor and entered a decree ad-

judging the title of the lands to be in him, and further adjudged that both of the tax deeds upon which the plaintiff had relied in her complaint were void. The court made other findings and recitals in its decree that several months before the opening of the term the plaintiff had conveyed all of her title in the premises to Walter Hultquist, who, after giving a trust deed upon the premises to secure the payment of certain promissory notes, conveyed the property by quitclaim deed to one Anna F. Jones, such transactions having taken place long after the notice of lis pendens had been filed in the office of the county clerk and recorder of the county where the land is situate and after the mandate of the Supreme Court reversing the decree at the first trial, had been entered, which lis pendens and mandate have ever since been on file. The foregoing facts appear from the orders of the court and the recitals of the decree contained in the record proper. None of the evidence that was offered by the defendant at the trial or any other proceedings, if any, that occurred at the trial have been embodied in a bill of exceptions which was authorized at the April term.

In May, 1924, the plaintiff, who was joined by Hultquist and Jones, filed a verified motion in the case to vacate the decree and therein they say that they, and each of them, separately move the court to vacate the same and set it aside. This motion was not traversed by affidavit or formal pleading, but the court, in the exercise of its inherent discretionary power, permitted the defendant to offer evidence upon the hearing, which, together with proceedings in connection with the vacation motion, are embodied in defendant's bill of exceptions relating to the hearing on the motion to vacate, which bill contains some of the proceedings that took place at the trial, which we have examined on the assumption that we may properly do so, without stopping to inquire if the contents of the bill are properly before us. There is no claim here that the evidence produced

by defendant was not sufficient to sustain the findings of the court upon which the decree now being reviewed was rendered. This judgment must be affirmed, irrespective of the showing made by the defendant. The verified motion to vacate, even if not contradicted, and if the defendant's evidence is ignored, is insufficient to justify a reopening of the case, as we now proceed to show.

1. Although in an ordinary equitable or legal action a plaintiff, under section 184 of our Code, C. L. 1921, p. 139, may, before trial, dismiss his action if a counterclaim has not been made, he may not in an equitable action to try title to real estate, by a voluntary dismissal of the action, prevent or preclude the court from granting affirmative relief to the defendant and adjudging title to the lands to be in him if he has set forth in his answer, though not in the form of a counterclaim, the title which he claims. In this case the answer contained no formal counterclaim but therein the defendant set forth that he was the owner in fee of the premises. In *Empire R. & C. Co. v. Herrick*, 22 Colo. App. 394, 124 Pac. 748, which was an action to quiet title to real estate, after the plaintiff's title was held by the court to be void, the defendant was permitted to establish his title after plaintiff had suffered a nonsuit. That case was not in its facts exactly like this but the principle is the same. The plaintiff, having brought the defendant into court to assert any title or claim that he may have in the lands in question, should not be permitted, after dismissing his action before trial, to say that the defendant may not have the aid of the court in ascertaining if his own title is good. No counterclaim had been filed in the Herrick case; no counterclaim was filed by the defendant in the present case. In each case the defendant asserted in his answer title in himself. There is no difference between the Herrick case and this case as to the form and contents of the answer, or as to the question we are now considering. In *Phares v. Don Carlos*, 74 Colo.

356, 221 Pac. 883, which was an action to quiet title, the defendant in his answer claimed an interest in the property. Held, that it was error to dismiss the action on motion of plaintiff without notice to the defendant, the latter being entitled to have his claim adjudicated. In *McMillen v. Hayman,* 74 Colo. 300, 221 Pac. 893, it was. held that the voluntary dismissal of a counterclaim which was inserted in the answer did not expunge the allegation of defendant's ownership in the answer proper and left a question of fact pending for determination. In *Lambert v. Murray,* 52 Colo. 156, 120 Pac. 415, the same holding in effect was made. In the Herrick case it was said that the Lambert case, if it did not directly hold, indicated that where the defendant in his answer asserts title in himself, the same should be treated as a cross-complaint or at least that the courts should proceed in all respects as though the answer had been a formal cross-complaint and demand for relief thereon.

We hold, therefore, that the plaintiff's voluntary dismissal of her action did not preclude the court from adjudging title to be in the defendant since he inserted in his answer a claim of ownership in fee.

2. The plaintiff is wrong in her contention that she was justified in relying upon her alleged understanding that the trial would not be had upon the opening day of the term. A rule of court provides, and such is the practice, that all cases at issue on the merits at the commencement of the term (and this case was then so at issue) shall stand for trial on the first day of the regular term. True, on the first day the practice is to set cases for trial, first criminal cases, and then civil cases that are at issue, but all parties are bound to know that all cases stand for trial on the first day of the term and may then be tried if the court sees fit and has the time therefor. When this case was reached the attention of the court was directed to the fact that the plaintiff had entered a voluntary dismissal and upon the defendant's

request the court heard his proofs, made findings of fact and entered a decree in defendant's favor adjudicating the title to be in him. The plaintiff was represented by counsel. There is nothing to show that her counsel offered any evidence in her behalf or that they objected to the hearing asked for by the defendant.

The foregoing discussion applies particularly to the plaintiff Scott who instituted this action. The motion to vacate upon its face states that Walter Hultquist and Anna F. Jones join with the plaintiff therein. The defendant in making his proofs resisting the motion to vacate, called as a witness Walter Hultquist in his behalf, whereupon counsel for the plaintiff suggested to the court, to shorten the matter, that they did not believe Hultquist was a material party to the motion and would like to withdraw his name as a party, and further stated that they had authority from Mrs. Jones to appear as her attorneys in the case. The court permitted the withdrawal, defendant's counsel offering no objection thereto. Defendant's counsel, however, proceeded to interrogate the witness Hultquist who testified, over the objection of plaintiff's attorneys, that the plaintiff's husband requested him, Hultquist, to accept a deed from the plaintiff Mrs. Scott for the property in controversy and he desired the witness to attend to a matter regarding this property while the husband was absent from the state. The witness further testified that he paid no consideration whatever for the transfer to him of the property, although the consideration in the deed was $5,000; that afterwards at Scott's request the witness executed four notes to a man named Titus for $4,000 and gave a trust deed on the property to secure the same; that he did not know Titus and never had seen him; that he received no consideration for the notes and afterwards at the request of the plaintiff's husband conveyed the property to Anna F. Jones; that he received no consideration from Jones but did receive from the plaintiff $25.00 for his trouble and serv-

ices in the matter. It thus appears that Hultquist was not a proper party to this motion, but if he was, that he ceased to be a party when his name was withdrawn as stated. Hultquist does not, and is in no position to, complain of this judgment. Neither is Mrs. Jones. She was not a party to the action when it was instituted; she has never asked to be made a party. She attempts to join in the motion to vacate. Only one who is a party to an action may complain of any ruling of the trial court made therein. If Mrs. Jones wished the right or privilege to file a motion to vacate this decree she should have first asked the court that she be made a party plaintiff. She did not do so. Even if the attorneys who filed the motion to vacate were authorized by her to appear for her in the case, this did not give her the right to join in the motion. Neither Hultquist nor Jones has any standing in this court. Furthermore, although the trial court entertained this motion to vacate, which was filed May 8, 1924, our attention has not been called to any order in the record fixing any time within which such a motion might be filed.

We hold the verified motion to vacate insufficient not only because of its erroneous assumption that the plaintiff had the absolute right to dismiss the action and thus withdraw from the court jurisdiction to grant affirmative relief to the defendant, but also because her mistake was inexcusable in supposing the case would not be called for trial on the first day of the term. She had no reason for such assumption. She does not assert by whom she was advised that the case could not and would not be heard upon that day. If any such advice was given her it was not good.

3. Plaintiff's contention that it was the duty of the court, of its own motion, if the defendant was entitled to a hearing, to award to her the amount of taxes which she had paid upon this land while she claimed to be its owner, is without merit. This court has held in *McCracken v. Cones*, 53 Colo. 321, 125 Pac. 497 and

*Green v. Halsted,* 77 Colo. 578, 238 Pac. 40, that unless the one claiming reimbursement offers proof of the amount of the taxes he cannot recover the same. The failure of the plaintiff to present such proof at the time of the hearing on the 15th of April was due to her inexcusable absence from the court and to the fact that counsel who represented her did not offer any proof of the amount of these taxes, if any, paid by her. The trial was in the county seat of the county where the land is situate and the county treasurer's books would show whether these taxes were paid and, if so, by whom.

No legal ground is set forth in the motion to vacate for disturbing this decree. It is therefore affirmed.