WARREN, Respondent, v. WARREN, Appellant.

No. 9163.
Submitted May 28, 1953. Decided July 24, 1953.
Rehearing Denied October 16, 1953.
261 Pac. (2d) 364.

Jerry J. O'Connell, Great Falls, for appellant.

Hall, Alexander & Burton, Edward C. Alexander, Great Falls, for respondent.

Mr. O'Connell and Mr. Alexander argued orally.

MR. JUSTICE ANDERSON:

This is an action to quiet title to real estate against the defendant and appellant in possession by plaintiff and respondent who, through a conveyance from her mother, is the successor in interest of one O. G. Warren, deceased.

O. G. Warren was the father of both parties to this action, each party being the issue of a different mother.

No bill of exceptions was presented, settled or filed in district court and the matter before us for consideration on this appeal is only the judgment-roll. Respondent made a motion to strike portions of the transcript on appeal upon the ground that they are not part of the judgment-roll. This court has time and again refused to consider matters because of the failure of a party to properly present, settle and file his bill of exceptions within the time allowed by law. We will consider here only those things properly a part of the judgment-roll as same is defined by R. C. M. 1947, sec. 93-5707.

In the case of Thompson v. Chicago, etc. R. R., 78 Mont. 170, 253 Pac. 313, 316, this court said: "In the consideration of an appeal, this court enters upon its investigation with a presumption that the lower court was correct in its determination, and therefore the appellant has the burden of showing reversible error. Stabler v. Porter, 72 Mont. 62, 232 Pac. 187; State ex rel. Woare v. Board of Com'rs, 70 Mont. 252, 225 Pac. 389; Haley v. McDermott, 45 Mont. 217, 121 Pac. 1060. It is also the rule that, when the record on appeal in an equity case does not present the evidence taken in the court below, it will be presumed

that there was sufficient [evidence] to sustain the findings of the court (Gow v. Cascade, etc., Co., 66 Mont. 488, 213 Pac. 1092), and that, on an appeal from the judgment in an action tried before the court, in order to obtain a reversal, the appellant has the burden of showing that the record will not sustain the conclusion of the court upon any admissible theory. State [ex rel. Urton] v. American Bank & Trust Co., 75 Mont. 369, 243 Pac. 1093." See Miners Nat. Bank of Butte v. Proulx, 119 Mont. 456, 176 Pac. (2d) 267.

Appellant contends that the complaint fails to state a cause of action because it fails to allege, seizin in, or possession by, respondent or her predecessor within ten years before the commencement of this action as is required by R. C. M. 1947, sec. 93-2504. The plaintiff's complaint alleged, "Plaintiff is now the owner, entitled to possession." This court held in the case of Bearmouth Placer Co. v. Passerell, 73 Mont. 306, 236 Pac. 673, 674: "By the provisions of section 9018 [Codes of 1921, now R. C. M. 1947, sec. 93-2507], however, in 'every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title for ten years before the commencement of the action.' " The burden rested upon the appellant to overcome this presumption by proof.

The lower court found seizin and possession in the respondent and, as counsel for respondent suggests, if it were necessary, the complaint would be deemed amended to conform with the evidence.

Appellant's next specification of error is without merit. It is contended that the complaint merely alleges conclusions of law and therefore is not sufficient to state a cause of action.

The complaint, generally speaking, is the usual short form of a quiet title complaint. This court, by a long line of cases,

has passed upon the question of the short form complaint. The case of Slette v. Review Publishing Co., 71 Mont. 518, 230 Pac. 580, is cited by appellant for authority. However, a reading of the Slette case belies the interpretation put on it by appellant and is authority for the opposite view. It is contended that the cases are distinguished where defendant is in possession at the time suit is brought. We lend no favor to this contention. Violet v. Martin, 62 Mont. 335, 205 Pac. 221. Additionally, the district court held that defendant was occupying a bedroom in the basement by permission of O. G. Warren, deceased, and that his occupying was not based upon any legal or equitable right. We are bound, in the instant case, by the findings made by the district court.

Appellant says that the complaint does not support the decree of the lower court in that the decree adjudges ownership in plaintiff prior to the commencement of the action, whereas the complaint alleges ownership only at the time of commencement of the action. The court order, in part, reads as follows: "That plaintiff, Hazel Warren, at all times since the filing of her complaint and prior thereto has been and now is the absolute owner * * *". The district court's findings are as follows: "That at the time of commencement of this action, plaintiff was and still is the owner entitled to the possession of the hereinbefore described real property and the property described in her complaint herein."

The general rule is that ownership at the time of the commencement of the action is required and the complaint properly alleged ownership at that time.

Under the power granted this court by R. C. M. 1947, sec. 93-216, we may direct that a proper judgment be entered in any case. In order that no misunderstanding be had, it is our judgment that the decree of the lower court be modified so as to conform with its findings.

We must indulge in the presumption that the evidence introduced at the trial supports the trial court's finding and judgment in all cases where the record contains no bill of excep-

tions but only the judgment-roll. Aitken v. Lane, 108 Mont. 368, 92 Pac. (2d) 628; State ex rel. Mercer v. Woods, 116 Mont. 533, 155 Pac. (2d) 197; Tiffany v. Uhde, 123 Mont. 507, 216 Pac. (2d) 375.

Appellant contends that the court below was without jurisdiction to entertain an action to quiet title because the plaintiff was out of possession and defendant was in possession and plaintiff had a plain, speedy and adequate remedy at law in ejectment and was entitled therefore to a jury trial.

R. C. M. 1947, sec. 93-6203, provides: "An action may be brought * * * by any person * * * whether in actual possession or not, claiming title to real estate, against any person * * * who claims or may claim any right, title, estate or interest therein, * * * adverse to plaintiff's ownership * * *."

Under an earlier case in this jurisdiction a plaintiff, out of possession, may not have been able to bring an equity action. However, under R. C. M. 1947, sec. 93-6203, the legislature broadened the scope of an action to quiet title by permitting it to be brought by a person out of possession against a person claiming an adverse title. Here the defendant, by his own pleadings, set into motion the claim of adverse title and where he appears and submits to the court his own title, the court has jurisdiction to establish it.

An action to quiet title does not lose its equitable nature because, by statute, procedure has been modified. Holland v. Challen, 110 U. S. 15, 3 S. Ct. 495, 28 L. Ed. 52; Frost v. Spitley, 121 U. S. 552, 7 S. Ct. 1129, 30 L. Ed. 1010; Costello v. Muheim, 9 Ariz. 422, 84 Pac. 906; Empire Ranch Co. v. Herrick, 22 Colo. App. 394, 124 Pac. 748; Scott v. Sullivan, 79 Colo. 173, 244 Pac. 466.

The defendant's title pleaded in the instant case was based upon a trust and is clearly within the exclusive jurisdiction of equity. Golden Rod Min. Co. v. Bukvich, 108 Mont. 569, 92 Pac. (2d) 316.

Appellant complains that the district court erred in sustaining plaintiff's motion to strike allegations of defendant's

answer and cross-complaint. The defendant answered over and it is settled in Montana that such objections are thereupon waived. Waddell v. School District No. 3, 79 Mont. 432, 257 Pac. 278.

The other objections of appellant are without merit as either being answered or are not within the jurisdiction of this court upon the appeal perfected.

It is ordered that the judgment be modified so as to conform with the finding of the district court and as modified the same is affirmed.

MR. CHIEF JUSTICE ADAIR, and ANGSTMAN, FREE-BOURN, and BOTTOMLY, concur.