LLOYD BERG, Doing Business Under the Fictitious Name and Style of WINNETT MOTORS, Plaintiff and Respondent, v. R. B. FRASER, Defendant and Appellant.
No. 9942.
Submitted January 11, 1960. Decided February 10, 1960.
349 Pac. (2d) 317.

526

See **C. J. S.** Agency, § 329.

Kurth, Connor & Jones, Billings, Ralph J. Anderson, Helena, Ralph J. Anderson, Helena argued orally for appellant.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Rockwood Brown, Jr., Billings argued orally for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict in favor of plaintiff, Lloyd Berg, doing business as the Winett Motors, in a suit to recover from defendant, R. B. Fraser, the price of merchandise sold, and from an order denying a motion for a new trial.

In his complaint, plaintiff set forth two causes of action. At the commencement of the trial, it was stipulated that the amount sought under the first cause of action was due and owing to the plaintiff and that judgment should be entered accordingly. This aspect of the case is therefore not involved on this appeal.

For his second cause of action, plaintiff alleged that defendant owns and operates large ranching operations in Petroleum County, Montana; that from August 26, 1954, to February 16, 1956, plaintiff sold and delivered goods, wares,

and merchandise consisting generally of oil, fuel and tractor oil, gasoline, grease and motor supplies at the agreed and reasonable price of $3,503.46, and that defendant duly contracted and agreed to pay said sum therefor; that defendant failed and refused to pay any part thereof except $1,788.88, and that $1,714.58 is due and owing, together with interest. Plaintiff also alleged that one Jacob Daum was an agent of the defendant who occupied one of defendant's ranches and conducted ranching operations thereon in defendant's behalf.

Defendant's demurrer having been overruled, he answered by a general denial of all of plaintiff's allegations, except he admitted his ranching operations in Petroleum County.

Defendant specifies as error, the District Court's denial of his motion for nonsuit. That motion was made on the following grounds:

(1) That plaintiff failed to meet his burden of proof;

(2) That there was a fatal variance between the pleading and proof; and

(3) That plaintiff's claim is void because if any agreement did exist between the parties, it was an oral agreement to guarantee the debt of another and therefore void under the statute of frauds.

The giving and refusing of various instructions is also assigned as error.

The merits of this appeal as delineated by the assignments of error can not be properly considered, because a motion to strike the bill of exceptions interposed by plaintiff is well-taken. Nevertheless, we will discuss later the propriety of the District Court's denial of defendant's motion for nonsuit.

Plaintiff's motion to strike the bill of exceptions is based on the ground that the bill was not served, settled and allowed within the time limited by law in section 93-5505, R. C. M. 1947.

It appears that judgment was entered on a jury verdict in

favor of plaintiff on October 30, 1957. A timely motion for a new trial was denied on November 15, 1957. An order granting sixty days in addition to the time allowed by law within which to serve and file a bill of exceptions was entered. The time so granted expired on January 29, 1958.

On February 11, 1958, an order was entered purporting to grant the defendant until March 1, 1958, to prepare, serve and file a bill of exceptions. A proposed bill was filed on February 28, 1958, and thereafter settled on May 20, 1958, over plaintiff's objection.

Since the proposed bill of exceptions was not filed within the sixty days extension provided for in section 93-5505, R. C. M. 1947, which expired here on January 29, 1958, or within any further extension for cause granted within that time, the District Court lost jurisdiction and had no power to settle the bill of exceptions as it did. O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707; Hutchinson v. Burton, 126 Mont. 279, 247 Pac. (2d) 987, and the many cases cited therein.

Defendant urges a novel argument in opposition to the motion to strike the bill of exceptions. It appears that on January 18, 1958, Honorable G. J. Jeffries, counsel for plaintiff, met his untimely death in an unfortunate accident. Brown, Sande, Symmes and Forbes were not substituted as attorneys for plaintiff until February 6, 1958. Defendant argues that it was impossible for him to comply with section 93-5505, R. C. M. 1947, due to the death of Judge Jeffries. Apparently, it is his position that because any extension of time could not exceed ninety days without the consent of plaintiff, pursuant to section 93-8708, R. C. M. 1947, he could get no extension at all until a new attorney for plaintiff was appointed, pursuant to section 93-2104, R. C. M. 1947. This latter statute requires an adverse party to notify the other party whose attorney has died to appoint a new attorney before further proceedings are taken against him.

This argument obviously has no merit. Defendant had until January 29, 1958, to obtain another extension if it were necessary. *Defendant's* attorney did not die. An extension of up to 90 days could have been obtained *ex parte* for good cause without even notice to the plaintiff of the application therefor. There was nothing to prevent defendant from complying with section 93-5505. And section 93-2104, certainly is not designed to enable a prospective appellant to disregard the time limitations on filing a bill of exceptions imposed by section 93-5505, by delaying notice to the adverse party to appoint a new attorney.

On the merits of the appeal, defendant fares no better. His defense is that the goods were not sold to him, but to Jacob Daum, a rancher who leases some of his property. Plaintiff sought to prove that even though the goods were delivered to Daum, the original obligation was defendant's. The evidence showed that the account sued upon was in defendant's name, statements were sent to defendant, the goods were delivered to a ranch on defendant's property, and defendant had applied for and received refunds of the Montana gasoline taxes, which are granted to farmers and ranchers who operate vehicles off the highway, on the gasoline allegedly sold to him by plaintiff. There was conflicting evidence as to a conversation between plaintiff and defendant wherein plaintiff purportedly agreed to keep the account involved here current. This evidence was sufficient to make out a prima facie case sufficient to withstand a motion for nonsuit.

But defendant most strongly asserts there is a fatal variance between the pleading and the proof. He argues that plaintiff charged an original obligation on the part of the defendant, yet if the proof shows anything, it shows no more than an oral collateral obligation to guarantee the debt of another. This, argues defendant, is void under the statute of frauds. McGowan Commercial Co. v. Midland Coal & Lumber Co., 41 Mont. 211, 108 Pac. 655, is in point here. It stands for the

530

proposition that where facts and circumstances of a transaction bear on the character of a promise made, it is a *question for the jury* to decide whether or not the promise raised an original obligation or whether it raised only an obligation to answer for the primary debt of another. In the case at bar, this same issue was a question for the jury and defendant's contention that the proof showed only an agreement on the part of defendant to answer for the debt of Jacob Daum is an invasion of the province of the jury. Plaintiff's complaint raised the issue of whether the defendant had expressly or impliedly promised to pay for the goods sold. There was sufficient evidence to make out a prima facie case on this issue and denial of the motion for nonsuit was not error. In fact, in the McGowan case, the *granting* of a motion for nonsuit under circumstances similar to those involved here was held to be error.

The propriety of the granting or refusal of instructions is ■ determinable from the bill of exceptions. Robinson v. Helena Light & Ry. Co., 38 Mont. 222, 246, 247, 99 Pac. 837. Since the bill of exceptions has been stricken herein, no consideration can be given here to defendant's assignmnts of error relating to instructions.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN, CASTLES, and THE HONORABLE PHILIP C. DUNCAN, District Judge, sitting for Mr. Justice Bottomly, concur.