IN THE MATTER OF THE ESTATE OF ALFRED O. STEPHENSON, Deceased. MARGARET E. SENZEK, Plaintiff and Appellant, v. ESTATE OF ALFRED O. STEPHENSON, Deceased, Defendant and Respondent.

No. 10045.

Submitted March 31, 1960. Decided April 25, 1960.

351 P. 2d 225.

John Marriott Kline, Glasgow, for appellant.
John Marriott Kline argued orally for appellant.
Brattin, Habedank & Cumming, Sidney, for respondent.
Otto T. Habedank argued orally for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court admitting the last will and testament of Alfred O. Stephenson to probate. The will was admitted after a will contest tried before a jury, wherein the jury found for the contestants.

The proponent in the will contest offered two wills for probate bearing the dates of February 5, 1957, and March 27, 1957, respectively. The will of February 5, 1957, left one-half of the property to Margaret E. Senzek, proponent and appellant herein, and one-half to the three sisters of deceased, who were the contestants in the will contest. The will of March 27, 1957, left all the property to Margaret E. Senzek. A previous will, dated January 26, 1957, left all the property to the three sisters, and this was the will which was offered by the contestants and subsequently admitted to probate. The jury found that fraud and undue influence had been exerted upon the testator by the proponent when he executed the wills dated February 5, 1957, and March 27, 1957.

The first matter for our decision is a motion to strike

the bill of exceptions due to the failure to file and settle the bill within the period of extension granted by the district court. By virtue of extensions, appellant was given *until* August 2, 1958, in which to prepare, file and serve her bill of exceptions. The district court granted a further extension *on* August 29, 1958. The respondents contend that the district court was without jurisdiction when it ordered this extension and that because of this the bill of exceptions could not be settled by the district court since it had lost jurisdiction. The motion is well-taken. Berg v. Fraser, 136 Mont. 525, 349 P.2d 317, and cases cited therein. Once the time allowed by the district court in which to prepare, file and settle the bill of exceptions has elapsed, the district court loses jurisdiction and a subsequent order purporting to settle the bill has no efficacy whatever. The district court cannot, but its own order, resume jurisdiction which it has lost.

█ Without the bill of exceptions we are limited to a consideration of the judgment roll, which does not contain the evidence before the district court. In such a situation, we indulge in the presumption that the evidence produced supports the jury's findings and the order of the district court based thereon. Tiffany v. Uhde, 123 Mont. 507, 216 P.2d 375; Warren v. Warren, 127 Mont. 259, 261 P.2d 364.

The order of the district court admitting the will of January 26, 1957, to probate is affirmed.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICE ADAIR, THE HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, and THE HONORABLE PHILIP C. DUNCAN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.