I. L. (Bud) MORRIS, Plaintiff and Respondent, *v.* ROBERT L. MONK et al., Defendants and Appellants.

No. 12070.
Decided October 18, 1971.
489 P.2d 1029.

164

M. Dean Jellison, argued, Kalispell, Leonard A. Vadala, Kalispell, Marshall H. Murray, appeared, Kalispell, for appellants.

William Dee Morris, argued, Helena, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is a consolidated motion by plaintiff to dismiss the appeal of defendants, to vacate a stay of execution on the judgment, and to assess certain costs against defendants. The motion relates to a judgment in favor of plaintiff entered in the district court of Flathead County following a nonjury trial before the Honorable Nat Allen, district judge presiding, directing specific performance of an agreement for the sale of land.

Plaintiff in the district court is I. L. (Bud) Morris; defendants in the district court are Robert L. Monk and LaDonna Monk, husband and wife. All other defendants were dismissed as parties defendant prior to trial and entry of judgment.

Essentially the district court's findings of fact, conclusions of law and judgment directed specific performance of an agreement for the sale of land consisting of an option agreement and escrow instructions construed together. The judgment directed that plaintiff deposit the sum of $32,900 with the clerk of court within 20 days and directed delivery of the deeds to the property and money deposited to the respective parties. Specifically the judgment contained the following provision:

"That upon receipt of all the deeds and the money hereinbefore described, the Clerk shall forthwith deliver the deeds to plaintiff and one-half the money to each of the Defendants herein."

The judgment was dated February 2, 1971.

Thereafter defendants Robert L. Monk and LaDonna Monk,

husband and wife, filed a motion for amendment of the findings of fact, conclusions of law and judgment or in the alternative for a new trial. The district court ordered these motions heard on briefs, and that they be deemed submitted to the court for decision on March 10, 1971. The district court did not rule on these motions so on April 29, 1971, defendants Robert L. Monk and LaDonna Monk filed their notice of appeal to this Court from the action of the district court "in failing to rule on the motion for amendment of judgment and for new trial, or to take any action with respect to the exceptions to findings of fact filed by these defendants."

On June 8, 1971 this Court ordered the purported appeal dismissed. Thereafter defendants Monk filed a motion requesting this Court to reconsider its order dismissing the appeal. This Court denied defendants' motion to reconsider.

Thereafter defendants and appellants, Robert L. and La-Donna Monk, husband and wife, delivered deeds to the district court as ordered by the judgment. In delivering the deeds defendants Monk attempted to secure payment of the entire sum of $32,900 to them, $16,450 to each, leaving nothing for payment to the owner of the other undivided one-half interest in the property, Alfred S. Williams, who had previously been dismissed as a party defendant pursuant to stipulation after agreeing to turn over his deed to an undivided one-half interest upon payment to him of the sum of $16,450.

Thereafter plaintiff and respondent filed a petition with the district court for relief under Rule 70, M.R.Civ.P. and to require the Monks to comply with the judgment. Hearing was had on this petition on August 24, 1971. At the conclusion of said hearing the district court entered an order nunc pro tunc amending the judgment by adding the following phrase to the provision heretofore quoted:

"that is, the sum of $16,450.00 shall be given to Robert L. Monk and LaDonna Monk, husband and wife, in exchange for both their deeds."

On August 25, 1971 defendants Monk moved to stay execution of the judgment pending appeal and on the following day appealed from the district court's order nunc pro tunc dated August 24, 1971 and from the original judgment dated February 2, 1971, as modified by the order nunc pro tunc.

Thereafter on September 21, 1971 plaintiff-respondent I. L. (Bud) Morris filed a motion in this Court to dismiss the attempted appeal by defendants Monk to vacate the stay of execution of the judgment theretofore entered, and to assess costs consisting basically of attorney's fees and interest against defendants Monk by reason of their actions herein.

The issues before us in this proceeding, as stated by defendants Monk, are three-fold:

1. Did the district court have the right to amend the judgment originally entered?

2. Are defendants Robert and LaDonna Monk entitled to appeal from the amended judgment?

3. Are the costs claimed by plaintiff recoverable against defendants Monk?

Directing our attention to the first issue, we observe that it is an exercise in futility to quibble over whether the district court had the jurisdiction or the power to amend the original judgment nunc pro tunc or otherwise, or whether the amended judgment in fact remedied the error in the original judgment. In any event this Court has the power to modify the judgment of the district court to make it conform to the district court's findings. In Warren v. Warren, 127 Mont. 259, 261 P.2d 364, a quiet title suit in which the findings were clear but the judgment was arguably misleading, we held at p. 263 of 127 Mont., p. 366 of 261 P.2d:

"Under the power granted this court by R.C.M.1947, § 93-216, we may direct that a proper judgment be entered in any case. In order that no misunderstanding be had, it is our judgment that the decree of the lower court be modified so as to conform with its findings."

In the instant case the findings of the district court disclosed that the total price of the property was $33,000; that defendants Robert and LaDonna Monk deposited deeds with the escrow agent conveying their undivided one-half interest in the property; and that they were jointly and not individually entitled to receive one-half of the purchase price less their share of the cost of title insurance. Under the district court's findings there is simply no way that Robert Monk could be entitled to $16,450 and in addition LaDonna Monk, his wife, also entitled to $16,450; otherwise no part of the purchase price would remain for distribution to Alfred S. Williams, the owner of the other undivided one-half interest in the property.

Accordingly we modify and amend the original judgment of the district court dated February 2, 1971 in the following particulars:

1. By striking the name of Alfred S. Williams as party defendant;

2. By striking the last paragraph of that judgment appearing on lines 8 through 11 on page 6 thereof;

3. By substituting therefor the following paragraph to conform the judgment to the district court's findings:

"That upon receipt of all the deeds and the money hereinbefore described, the clerk shall forthwith deliver all of said deeds to plaintiff I. L. (Bud) Morris, and one-half of said money to defendants Robert Monk and LaDonna Monk jointly, and the other one-half of said money to Alfred S. Williams."

The second issue for determination herein is whether defendants Monk are entitled to appeal from the amended judgment of the district court. This issue is no longer material inasmuch as we have granted them a full review in this proceeding. We have examined the district court file, the transcript of testimony, and the exhibits as upon appeal. While we recognize the evidence is conflicting, we find there is

substantial credible evidence to support the district court's findings of fact; that such findings of fact support the district court's conclusions of law; and that the district court's judgment, as modified herein, conforms to its findings of fact and conclusions of law. Accordingly defendants Monk, having thus been granted full review herein, as upon appeal, are no longer "aggrieved parties" entitled to further appeal rights under Rule 1, M.R.App.Civ.P.

█ The final issue relates to assessment of costs. Plaintiff seeks an order from this Court assessing costs against defendants Monk as follows:

| | | |
|---|---|---:|
| a. | Attorney's fees to enforce Judgment under Rule 70 ................................................................$ | 250.00 |
| | 1. Travel expenses—attorney, 450 miles at 10 cents per mile ..................................... | 45.00 |
| | 2. Two days expenses, meals and lodging .... | 32.50 |
| b. | Attorney's fees—Appeal (Minimum fee) .............................................. | 500.00 |
| | Filing fees ................................................................ | 20.00 |
| c. | Interest—$16,450 at 9 per cent for 7 months ...... | 767.66 |
| | Total ................$1,615.16 | |

Although we do not condone the acts of defendants Monk herein, the original errors are not of their own making and the subsequent errors are not entirely so. Accordingly we decline to tax any attorney's fees, travel expense, or interest as itemized in plaintiff's claim. With these exceptions, costs are taxed against defendants Monk in this proceeding.

The purported pending appeal by defendants Monk as contained in their notice of appeal filed in the district court August 25, 1971, is hereby dismissed; the stay of proceedings hereinbefore granted by the district court is now ordered vacated; and costs are taxed against defendants Monk as hereinbefore indicated.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY and CASTLES, concur.