[No. 5893.]

PRATT v. THE SOUTH CANON SUPPLY COMPANY.

1. Bill of Exceptions — Where Necessary — Rulings of the trial court, not apparent in the record proper, will not be reviewed unless presented by bill of exceptions. But under sec. 60 of the Code, a pleading stricken from the files is still part of the record, and remains in view in determining the effect of a default taken while it remained upon the files, against another than the answering defendant.—(481, 482)

2. Default—Irregularity—Effect—To enter the default of a defendant who is only liable secondarily, while the answer of the one primarily liable denying plaintiff's action, is upon file, is error.—(480)

*Error to Denver District Court*—Hon. BOOTH M. MALONE, Judge.

Messrs. BICKSLER, BENNETT & NYE, for plaintiff in error. '.

Mr. W. C. KINGSLEY, Mr. ERNEST MORRIS, Mr. WILLIS V. ELLIOTT, Mr. MILTON SMITH, and Mr. CHARLES R. BROCK, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The action is against two defendants, The Boston-Colorado Coal Company and Addison S. Pratt. The complaint alleges an indebtedness due plaintiff from the coal company for goods and merchandise sold to it, which debt Pratt afterwards assumed and agreed to pay. The record fails to disclose what disposition of the action, if any, was made as against the defendant coal company; but it does show that a judgment by default was rendered against defendant Pratt in a sum approximating $12,000.00. It is to this judgment that Pratt prosecutes this writ. A number of errors are assigned to rulings of the trial court which together with the objections and exceptions

thereto, must, under our practice, be preserved by a bill of exceptions to entitle the unsuccessful party to a review thereof by this court.  As no authenticated bill of exceptions including such ·rulings has been filed in this court, we cannot consider them.  There is, however, one question presented which is not dependent upon a bill of exceptions, but is included, and has been brought here, in the record.proper and falls under the general assignment that the judgment was improperly rendered against plaintiff in error.  The resolution of this assignment compels a reversal of the judgment.

August 29, 1905, the defendant coal company filed its verified answer in which, among other things, it alleged a discharge of the indebtedness sued on before the action was begun.  On the following day, August 30th, the default of defendant Pratt was entered and on September 7th final judgment on the default was rendered against him.  The complaint on its face shows that in this action on contract there might have been a judgment against the original debtor, the coal company, and in favor of defendant Pratt.  A judgment also might have been rendered against both defendants.  There could not, however, be a judgment against defendant Pratt unless there was also one against his co-defendant, the original debtor.  This is so because Pratt's liability, if any, was secondary, not .primary, and if the original debtor, the coal company, could not be held, Pratt could not.  No argument of such a self-evident proposition could make it plainer than the statement of the proposition itself.  The rule of law seems to be well recognized that where an action, upon contract is brought against two defendants and one of them is in default, whose liability hinges upon that of his co-defendant whose answer is on file denying the liability, it is improper. to render judgment against

the defaulting defendant before trial of the issues raised by the answer of the co-defendant. The proper course is to await disposition of the trial as to the answering co-defendant. Manifestly, therefore, while the answer of the coal company in this case was on file and went to the merits of the cause, it was improper to render judgment against Pratt upon his default. The answer inured to his benefit as well as that of his co-defendant coal company. The plaintiff here must succeed in the action against the coal company to entitle it to recover against Pratt. If it is possible to bring out more clearly this point a moment's reflection will do so by considering that if, upon the trial, it appeared that the coal company had discharged the original debt, or ownership of the obligation had passed from the plaintiff before the commencement of the action, which might have been shown by the evidence under the answer, there could have been no recovery by plaintiff against defendant Pratt. The rule of law applicable is not changed or modified by sec. 223 of our Code, which, in an action against several defendants, permits a judgment for or against one of them, allowing the action to proceed against the other whenever a several judgment is proper. And this is so because, under the allegations of the complaint, plaintiff must first prove a state of facts which warrants a judgment against the coal company upon the original debt before a judgment could go against Pratt. It follows, therefore, that a several judgment against Pratt was improper until, or in connection with, a judgment against his co-defendant. Some of the cases to this proposition are *Frow v. De La Vega,* 15 Wall. 552; *Clason v. Morris,* 10 Johns. (N. Y.) 524; *Mullendore v. Silvers,* 34 Ind. 98; *Campbell v. McHarg,* 9 Iowa 354; *Boles v. Linthicum,* 48 Tex. 220; *Rouse v. Howard,* 62 Ken. 31.

In their brief counsel for defendant in error do not argue against this proposition, but rely solely upon the technical objection that the point sought to be made is not properly preserved by a bill of exceptions, and this presents the only debatable question.   Counsel say that the record proper, which is the only thing for us to consider, does not show that at the time final judgment was rendered against Pratt there was on file the answer of his co-defendant coal company to which we have already alluded. For that reason it is said we may not consider the assignment that the judgment against Pratt was improperly rendered while there was on file the answer of his co-defendant raising an issue, which if decided in its favor would make improper a judgment against him.   In the transcript of the record proper, which is before us, it appears that there was on file, at the time the judgment was rendered against Pratt, the answer of his co-defendant coal company, and no trial of the issue thereby raised has ever been had so far as we are advised.   But it is said we may not read or consider this answer; that it should not have been included in the transcript, because the same transcript further shows that subsequently, and on September 18th, it was stricken from the files, and on the 20th of September an amended answer was filed in lieu thereof.   The particular point made is, and to it a number of authorities are cited, that when a pleading once filed has been stricken, or when a substituted or amended pleading has been filed in lieu of the original, the stricken or original pleading becomes as if it had never been filed, and can be brought to the attention of a reviewing court only by a bill of exceptions.   What the rule may be in other jurisdictions, or what, in the absence of statute it would be here, we do not pause to inquire, for our civil code prescribes the practice for us.   Sec. 60 of

(31)

that instrument provides: "When any motion in writing, affecting any pleadings or for judgment on the pleadings, shall be filed, and ruling or decision had thereon, the said motion, and the ruling or decision, shall be taken as a part of the record, without making the same such by a bill of exceptions." The very object of the quoted provision is to authorize a review of a motion affecting a pleading without the necessity of preparing a bill of exceptions. In order that the reviewing court may intelligently pass upon the motion, it must know the contents of the pleading against which it is directed. Since the code makes the motion and the ruling a part of the record, and allows a review thereof as such, this necessarily makes the affected pleading a part of the motion and consequently a part of the same record; otherwise it would be impossible to review such ruling without a bill of exceptions, which is expressly done away with. As this provision permits such review without a bill, it follows that whatever is necessary to the review must be, and does become, a part of the record proper, and is thus brought to the attention of the appellate court.—*Burton v. Snyder,* 21 Colo. 292. The answer of Pratt's co-defendant coal company being, then, a part of the record in connection with the motion to strike, becomes a part of the record for all the purposes of this review and is here in the transcript of record.

We are at liberty then to read it in considering the assignment of plaintiff in error that the court improperly rendered judgment against defendant Pratt, while his co-defendant's answer was on file and the issues thereunder raised undetermined.

Because of this prejudicial action by the trial court the judgment must be reversed and the cause remanded for a new trial. In thus disposing of the case we are not to be understood as expressing an

opinion, upon any of the other questions argued by respective counsel in their briefs. The trial court will, in the event of another trial, upon proper application of respective counsel, proceed with the cause from its inception, uninfluenced by and without reference to, the rulings below at the first trial, and in accordance with law and in harmony with the views herein expressed.          *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Opinion filed February 7, A. D. 1910; rehearing denied April 4, A. D. 1910.