[No. 3417.]

EMPIRE RANCH AND CATTLE CO. v. HERRICK ET AL.

1. APPEAL—*What May Be Assigned for Error.* One who shows no title to lands will not be heard to complain of a decree quieting title in his adversary.

2. —— *Technical Defenses Disregarded.* Errors not effecting the substantial rights of parties are to be disregarded. Acts 1911 c. 6, sec. 20.

3. NON-SUIT—*Time to Move for.* The phrase "before trial" in clause 1 of sec. 183, Revised Code, means before the commencement of the trial. Plaintiff is not entitled to move for a non-suit during the course of the trial.

4. —— *Abandonment of Cause.* A motion by the plaintiff for a non-suit is not an abandonment of his cause within the meaning of clause 4 of sec. 183 of the Code.

5. QUIETING TITLE—*Nature of the Action.* Bills to quiet the title to lands are properly classified as actions *in rem* or *quasi in rem.* They retain their equitable character though so enlarged by statute as to give the remedy to one out of possession. When the defendant appears and submits his title to the court each party is an actor, and both may fail.

6. —— *Relief Granted to Defendant—Pleading.* The court may quiet title in defendant even though the answer prays no relief.

The answer is to be regarded as a cross-complaint.

7. —— *Voluntary Non-Suit—Effect.* A voluntary non-suit taken by plaintiff who has presented no title to the lands in con-

troversy, in no manner deprives the court of jurisdiction to quiet the title of the defendant.

*Appeal from Yuma District Court.* Hon. H. P. Burke, Judge.

Mr. August Muntzing, Mr. Egbert More, for appellant.

Mr. John F. Mail, for appellees.

Cunningham, Judge.

The appellant instituted its action in the county court to quiet title to certain lands. From an adverse judgment, it appealed to the district court, where again judgment went against it, from which latter judgment this appeal is prosecuted.

The complaint alleged that the plaintiff was the absolute owner and in possession of the lands in question, but made no other reference to the nature or character of its title. The answer alleged that the defendants were the owners in fee simple of the land by various mesne conveyances from the government, but contained no prayer and asked for no relief. In the replication plaintiff alleges that its title is based upon a tax deed, and the five and seven-year statutes of limitation are plead, but whether these statutes are well plead, it is not necessary to determine.

On the trial in the district court, appellant, for the purpose of proving title to the land in question, offered in evidence its tax or treasurer's deed. Objection to the introduction of said deed was interposed by counsel for defendants (appellees) on the ground that the deed was void on its face. The trial judge sustained the objection, whereupon coun-

sel for plaintiff advised the court that it desired to submit to a voluntary non-suit, and accordingly a judgment of non-suit was entered against it. Thereupon, defendants asked leave to prove their title to the land in controversy, and have the same quieted as against the treasurer's deed held and offered by the plaintiff. Plaintiff objected to any further proceeding after non-suit had been entered against it, and in the brief no other question is argued. The deed offered by the plaintiff corporation was clearly void on its face, for various reasons, which fact is practically conceded by the appellant.

1. The only question before us for determination is, was the trial court warranted in taking proof, after having entered. a non-suit against the plaintiff, for the purpose of determining whether the defendants had good title to the land, and thereafter, having found that the defendants did have good title to the land, was the trial court warranted in entering a judgment in their favor, quieting their title as against the treasurer's deed then held by the plaintiff? The only title that appellant claims was based upon the void tax deed. When, at its own request, it was non-suited, it went out of court voluntarily, and, having no title whatever to the land (the seven-year statute of limitations not having run) it was not injured by the decree which the trial court thereafter rendered in favor of appellees. Even if the trial court went too far in rendering a decree in favor of appellees, appellant is in no position to complain.

"In any event, we do not regard the appellant as in a position to complain of the judgment quieting the defendants' title, when it was found to have

no title or interest in the property. It was adjudged to belong to the defendants, and appellant is unharmed by the decree. Should the judgment appear to affect the rights of other persons, who were not parties to the suit, and the judgment is a cloud upon their title, they would, of course, be unaffected by it, and in a proper way could remove it." *Baca v. Wootton,* 8 Colo. App., 96. *Foster v. Clark,* 21 Col. App., 192; 121 Pac., 130.

2. In view of the conclusions we have already announced, the controversy over the non-suit might be left undetermined, but inasmuch as counsel have vigorously pressed this matter upon our attention, we have concluded to consider and dispose of it.

Counsel for appellant say that the non-suit in this case was had under the 4th subdivision of sec. 166 of the code (sec. 183, Rev. Code), which subdivision reads as follows:

"An action may be dismissed or a judgment of non-suit entered  *  *  *  *FOURTH* — By the court, when upon trial, and before the final submission of the case, the plaintiff abandons it."

The first subdivision of sec. 166 provides for a non-suit on motion of the plaintiff, at any time *before trial,* and upon payment of costs, providing a counter-claim has not been made. The non-suit contemplated by the 4th subdivision of sec. 166, which we have just quoted, is by the court—in the court's discretion—providing the plaintiff has *abandoned* the case. The non-suit in this case was entered *upon* the trial and not *before* the trial, and before the plaintiff had abandoned the case, since it was entered upon its motion and its earnest and repeated request. The motion for non-suit can be

no more than an *offer* to abandon, at most; it is not an abandonment of the case, for if the non-suit be denied, the plaintiff may conclude to remain in the case and contest it to the end. Hence the code provision invoked by appellant affords it no shelter, as we read the record. We think the appellant had no right under the code to move for a non-suit upon the trial, or during the course of the trial, and the court should have denied its motion. The phrase, "before trial," as used in the first subdivision of sec. 183 (Rev. Code) does not mean before the conclusion of the trial, but before the commencement of the trial.

*Winship v. People,* 51 Ill., 298. *Flemming v. Fire Association,* 76 Ga., 679. *Jifkins v. Sweetzer,* 102 U. S., 179. *Bettis v. Schreiber,* 31 Minn., 331.

In the last authority cited, the supreme court of Minnesota says:

"After the plaintiff had rested, and one witness had been examined on behalf of defendant, plaintiff interposed a motion to dismiss the action, which was overruled by the court. The plaintiff bases his right to dismiss upon Gen. St. 1878, c. 66, sec. 262 subd. 1, and insists that the words 'before trial' in that section, mean before the submission of the case to the court or jury. But this would evidently do away with any distinction as respects the time for such dismissal by the plaintiff, between subdivisions 1 and 3 of the section."

(Subdivisions 1 and 3 of the Minnesota statutes referred to are almost identical with subdivisions 1 and 4 of our code provision to which we have already called attention.) Continuing, the Minnesota supreme court, in the Bettis case, says:

"The words 'before trial' mean before the commencement of the trial."

But whether our conclusion in this respect be universally applicable to motions for non-suit when made by a plaintiff, there can be no doubt of its soundness when applied to actions to quiet title. Such proceedings are, in a sense, *sui generis.* By the weight of authority actions to quiet title are properly classified as actions *in rem,* or *quasi in rem.* 17 Enc. Pl. & Pr., 294. Black on Judgments, vol. 2 (2nd ed.), sec. 793.

Nor do such actions lose their equitable nature because, by statute, the procedure has been somewhat modified, and its scope enlarged so as to permit them to be pursued by a plaintiff out of possession.

*Costello v. Mulheim,* 9 Ariz., 422; 84 Pac., 906. Proceedings of this nature may be instituted under the code (sec. 274, Rev. Code) for the sole "purpose of determining such adverse claim, estate or interest" as the defendant (wrongfully, as plaintiff must allege) asserts.

"The broad grounds on which equity interfers to remove a cloud on title, are the prevention of litigation, the protection of the true title and possession, and because it is the real interest of both parties, and promotive of right and justice that the precise state of the title be known, if all are acting *bona fide."* 32 Cyc., 1306.

Inasmuch as the public is interested in having disputed land titles adjudicated, and all doubt with reference to them set at rest, actions to quiet title are, in certain respects, closely akin to adverse proceedings, wherein "each of the parties are actors

and both may fail," *Duncan v. Eagle Mining Co.*, 48 Colo., 587. *Walters v. Webster* (No. 6816 Colo.) *Clark v. Huff*, 49 Colo., 197, providing defendant appears, as he did in this case, and submits to the court his own title.

Defendant was haled into court, not that a money judgment might be taken against him, but for the sole purpose of compelling him to exhibit his title to the land to which plaintiff assured the court it held the superior title. Defendant appeared, and by answer set forth his title. It seems under the ruling in *Lambert v. Murray*, 120 Pac., 417, a case recently determined by our supreme court, that it is not necessary that defendant's answer should close with a prayer for relief, since, as the court announces in that case:

"The determination of the adverse title would necessarily result in just what the defendant asked for, if he sustained his answer, so that his prayer asked for no other relief than he would have been entitled to if he had merely alleged his adverse title and omitted the prayer."

This quotation from the *Lambert* case indicates, if it does not indeed hold, that every answer by a defendant in an action to quiet title, wherein the defendant asserts title in himself, should be treated as a cross-complaint, or at least that the case should proceed in all respects as though the answer had contained a formal cross-complaint and demand for relief thereon. The plaintiff in the instant case seems to have so regarded the defendant's answer, for it filed an exhaustive reply thereto, in which reply it set up in detail, with great minutia, the character and nature of its title, and also sought

to plead the statute of limitations. "The plaintiff having submitted its tax deed to the judgment of the court, when it offered it as evidence of title, and the same having been found invalid and excluded by the court, it could no longer be used in support of its title, and, since it constituted a menace to defendant's title, it was the duty of the court, upon the case presented, to order it delivered up and cancelled, and as the court amply protected the plaintiff for all the moneys paid out by him upon his tax title, he is not entitled to complain of this part of the decree. The code provides that the court shall disregard errors and defects not affecting the substantial rights of the parties. The substantial rights of the parties to this case have been properly determined, and we think the court properly ordered the cancellation of the tax deed as a part of its judgment." *Rustin v. M. & M. T. Co.*, 23 Colo., 351-8.

As a further indication of the growing prejudice against technical defenses, our legislature, at the last session, passed the following provision:

"It (the supreme court) shall disregard any error or defect in the proceeding which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." Sec. 20, chap. 6, Session Laws 1911.

Had the trial court adopted the view of appellant, and held that the granting of its non-suit abruptly extinguished the case and deprived the court of all authority or right to further proceed, the result must have been that appellee would have gone out of one door of the court only to re-enter by another as plaintiff in an action that must have re-

sulted in precisely the same thing, viz., the cancellation of appellant's void tax deed—the only title it has ever asserted. To require so unnecessary a procedure could in no possible manner protect the substantial rights of appellant. Our code provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights." (Sec. 16, Rev. Code.)

And by sec. 241, our code provides that:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

Having forced defendant to bring his title into court for the purpose of having it measured against its own, we think plaintiff had no right, when it had obtained a ruling from the trial court that the only title which it plead was void, to flee the court, bearing away the very thing it had submitted for determination—its worthless evidence of title. Having prevailed upon the trial court to enter a nonsuit against it, when no such order should have been granted, appellant is in no position to complain of its self-imposed exile from court, even if thereby it suffered injury. But, having no title, it was quite as effectually out of court, for all practical purposes, before as it was after the granting of its motion for a non-suit, hence it is difficult to perceive how its substantial rights have been in any wise invaded by the proceedings which followed the improper entry of non-suit.

The judgment should be affirmed.

It is conceded by the attorneys for appellant, and the attorney for appellees, that the facts involved in this case are precisely the same as the facts involved in *The Empire Ranch and Cattle Company v. William M. Little, et al.*, No. 3418, and *The Empire Ranch and Cattle Company v. Lardner Howell, et al.*, No. 3419, now pending in this court. Therefore, the judgments in each of the two last named cases will be affirmed on the authority of the instant case.                     *Judgment affirmed.*