No. 17,164.

MERTH ET AL. *v.* HOBART.
(272 P. [2d] 273)

Decided June 28, 1954.

Mr. HOWARD ROEPNACK, for plaintiffs in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

ON April 25, 1952, Sophia Hobart, defendant in error, filed her complaint for partition; to have adjudicated the rights of the parties in and to certain real estate; and for a judgment for return of money advanced for the purchase of an automobile.

Defendants, plaintiffs in error, filed an answer and counterclaim in which they denied generally the allegations of the complaint and sought an accounting concerning the matter of alleged promise of upkeep and expenses relative to the home and real estate involved.

Trial was to the court and its judgment, in substance, is to the effect that partition in kind of the real estate involved could not be had, but it ordered sale thereof; directed certain adjustments and distribution of the proceeds according to the interests of the parties; and entered a money judgment for the return of money advanced by plaintiff for an automobile. Motion for new trial was dispensed with and reversal of the judgment is sought by defendants.

Mrs. Hobart, an elderly lady, and an older sister of Mrs. Merth, one of the defendants, was residing in Boise, Idaho, after the death of her husband in 1949. The

Merths, defendants, who resided in Denver, wrote Mrs. Hobart shortly after the death of her husband requesting a loan of $2,500.00 for the purpose of making a down payment on the purchase of a home in Denver. Mrs. Hobart was living alone and she answered, suggesting that she buy a home in Denver and that the parties live together. Some correspondence and telephone conversations followed, and the Merths went to Boise and helped Mrs. Hobart pack her belongings and agreed that so long as she was buying the home, they, the Merths, would buy an automobile. Mrs. Hobart advanced $2,889.00 for a new car. Mr. Merth suggested that the title be placed in his name since it would be easier for him to obtain an operator's license therefor and that he did not want to drive the car with the title in some other name. The parties then came to Denver, where the Merths were living in a basement apartment for which they were paying $75.00 per month rental. After looking at a number of houses, Mrs. Hobart had suggested that she would pay $10,000 for a home; a more expensive home, costing approximately $18,000, was agreed upon and Mrs. Hobart made a down payment of $5,000 and wanted title to the property put in all their names; however, it was suggested that since a loan of about $7,000 would have to be obtained by the Merths, that the title be in the Merths' name. After the loan was obtained a deed was executed, placing title in joint tenancy between the parties. In discussing the financial matters between themselves, it was freely stated by the Merths that if the arrangement of living together did not work out satisfactorily, that the home could be sold and Mrs. Hobart could always get her money out of the place. The Merths contend that Mrs. Hobart agreed to pay one-third of the expense of maintaining the home and that she has failed to make such payments to defendants.

The Merths testified that they intend to pay for the car and Mr. Merth testified that he agreed to pay for the car and had offered to pay $100.00 thereon in December

1952, but insists that they were to pay for the car as they were able. It was shown that Mr. Merth earned $104.00 per week before deductions, and that the monthly payments on the house were less than the rental the Merths had been paying for an apartment.

The court correctly found that there was no specific contract existing between the parties other than to the extent that Mrs. Hobart was to advance the sum of $10,-000 on the house and have an interest in the property to that extent. It further found that the automobile was purchased for and on behalf of defendants; that the title was put in their name and the car used by them. Defendants did advance the expense of procuring the loan on the property in the sum of $275.00. The court further found that it was not plaintiff's intention at any time to make a gift of all or any part of the $10,000 or her interest in the property to defendants; that there was no agreement or contract of any kind between the parties which obligated plaintiff to reside in the property, or any agreement that defendants would furnish a place wherein plaintiff could reside, or any obligation on their part to furnish her housing, or care or support; that plaintiff's actual interest in the real estate was that of a tenant in common to the extent of $10,000 advanced by her on the purchase price of the property, subject to the mortgage encumbrance; that plaintiff's right to partition had been established; however, the property could not be partitioned in kind; further, that the parties should be placed in the same situation as at the outset, as nearly as possible; that the property be sold, subject to the encumbrance; that the Merths first be paid from the proceeds of the sale, subject to the encumbrance, the sum of $275.00 advanced by them; that plaintiff receive the sum of $10,000.00, together with interest thereon from the 14th day of April 1953 to the date of payment; that if there is any excess after payment of the above, directed that it be applied upon such judgment as the plaintiff is to have against defendants; that plaintiff

have judgment against defendants for $2,889.00 advanced by her in the purchase of the automobile for defendants, together with interest thereon from August 11, 1950 in the sum of $462.00; and that defendants' counterclaim be dismissed. Reasonable time was allowed for the private sale of the property, and in the event such sale is not made, a commissioner was to be appointed to make it.

Counsel for defendants, plaintiffs in error in the instant proceeding, contends that the evidence failed to show fraud in any sense, or that such could be inferred from the breach of contract, giving plaintiff any right to rescission; that partition is not permissible, because of violating the agreement; that the property was to be a home for all the parties, and the sale would violate such agreement; and by separate specifications of error, contends that the evidence does not support the findings made by the trial court.

The admissions of defendants' counsel clearly support the money judgment against them for and on account of the purchase price of the automobile. The evidence further disclosed that during the four or five month's period in which Mrs. Hobart lived with them that the relations between the parties was not congenial, to the end that Mrs. Hobart took a position as housekeeper for some priests at Fort Collins for her room and board. From all the evidence the trial court properly found that there never was any specific contractual relationship between the parties relative to the purchase of the house; it further properly determined that plaintiff was entitled to receive her interest in the property; finally, the court found that the interest of each of the parties in the real estate was the amount invested by each; that upon the sale of the property each should receive such interest; and that if there was a diminution in the value of the property, it should be deducted from Mrs. Hobart's original investment. Interest was properly determined on

the various items, and it appears that the equities of the parties was properly considered and determined, the court stating that the Merths were paying less for their living accommodations in the new home than they were paying for rent in the apartment, and that Mrs. Hobart, after living in the property five months had requested sale of the property and that the Merths had refused to sell and still are in possession.

██ ██ There is little necessity to further detail the evidence in this case; however, a careful reading of the record discloses that the trial court was eminently fair and that there was ample support for its findings of fact, conclusions of law, and its judgment herein. As to the matter of the right to partition: It is to be said that there is no difference in a partition suit as to property held by tenants in common and property held by joint tenants; further, that chapter 193, S.L. '49, by which the legislature repealed former partition statutes, specifically provides, "Actions for the division and partition of real or personal property or interest therein may be maintained by any person having an interest in such property."

There is no denial of the interest of plaintiff in the real property, or her right to a judgment for the money advanced, admittedly owing by defendants. Defendants contended they were entitled to two-thirds of the equity in the real property. We fail to see any reasonable basis for this contention, and the court was right in decreeing that the proceeds of the sale of the property should be distributed according to the interests and equities of the parties; that plaintiff would be entitled to the return of her money, and having paid far more than her portion, she is entitled to partition and due accounting therefor. Rule 105 of our rules of civil procedure provides for a complete adjudication of all the rights of the parties in interest. The Merths, defendants, are first decreed a return of their money, and they had the benefit of living in the property during a considerable period, except for the making of the monthly payments on the mortgage,

which payments were less than the amount they were paying as rental for an apartment.

 It appears that the trial court correctly adjudicated all of the rights and interests of the parties to this action and entered an appropriate decree, and since the entire case rests largely upon facts, the court's determination thereof will not be disturbed on this review, and its judgment accordingly is affirmed.