No. 20701.

MILA MAY WESTERKAMP *v.* ARTHUR F. WESTERKAMP.
(395 P.2d 737)

Decided October 13, 1964.

Mr. James B. Radetsky, Mr. Jules Ornstein, for plaintiff in error.

Mr. Walter L. Wagenhals, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the parties by their given names of Mila and Arthur. They were formerly husband and wife. In 1954 their marriage was dissolved by entry of a final decree of divorce which provided for the payment by Arthur of the sum of $50.00 per month for the support of the minor child of the parties.

On January 19, 1960, a "Stipulation and Agreement" was signed by Mila and Arthur. It was prepared under the caption of the divorce action, and paragraph IV thereof provided, inter alia:

"That this agreement is subject to the approval of the District Court in and for the City and County of Denver, * * *"

This "Stipulation and Agreement" was not filed in the action, nor was any approval thereof sought in the district court. The contents of the document were not made known to the trial court until a hearing was held on December 28, 1962, under circumstances hereinafter set forth. The "Stipulation and Agreement" contained the following pertinent provisions (references to the plaintiff are to Arthur, and to defendant are to Mila):

"I.

"That the Plaintiff herein is presently in arrears in support payments to be made through the Registry of the Court for the support of the minor child of the parties hereto in the sum of $1,330.00, and that the parties hereto agree that the arrearage of said payments should be paid in the following manner to-wit:

"That Plaintiff shall pay into the Registry of the

Court the sum of $30.00 per month, $15.00 per month on the 5th day of each month and $15.00 per month on the 20th day of each month, commencing January 20, 1960, and on the 20th and 5th day of each month thereafter until paid in full, * * *.

"II.

"That in the event the Plaintiff herein fails to make any of said payments on the 5th or 20th days of any month hereafter as hereinabove set forth, then and in that event, the Defendant may by giving three day's written notice to the Plaintiff of her intention so to do, apply to the Court for judgment for all arrearages as shown of record in the office of the Clerk of the District Court, less any amounts paid hereunder, * * *."

"III.

"It is further agreed by and between the parties hereto that the minor child of the parties hereto, namely Crystal May Westerkamp, will be adopted by the present husband of the Defendant herein, Mr. Howard Gibbons, and that the Plaintiff herein has signed a consent to said adoption; and that at such time as said adoption becomes final, then the Plaintiff herein shall have no future responsibility for the support of said Crystal May Westerkamp."

On August 9, 1962, counsel for Mila presented a motion in writing as follows:

"COMES NOW the defendant and moves this Court for judgment against the plaintiff and as grounds therefor alleges that:

"1. On or about January 25, 1954, an interlocutory Decree of Divorce was entered wherein it was ordered, *inter alia* that plaintiff should pay to the defendant the sum of $50.00 per month for the support of the minor child of the parties.

"2. Thereafter, plaintiff defaulted in making numerous support payments and on January 19, 1960, an agreement was entered into between plaintiff and defendant stipulating the amount of arrearages and providing for

judgment for the entire amount of arrearages from the date of the said Decree in the event the payments which plaintiff agreed to make pursuant to the above agreement were not made.

"3. Plaintiff has defaulted in making several payments under said agreement.

"4. The full amount of arrearages after giving plaintiff credit for the amount paid to the defendant, is $1,179.51, including interest.

"WHEREFORE, defendant prays for judgment against the plaintiff in the sum of $1,179.51."

Judgment was entered forthwith as prayed for in the motion, without notice to Arthur. Thereafter Arthur filed a motion to vacate the judgment. This motion was granted and Mila is here on writ of error directed to the order of the trial court vacating the judgment theretofore entered in her favor. This trial court order is not a "final judgment" within the scope and meaning of Rule 111 (a) (1), R.C.P. Colo., and is not subject to review on writ of error.

The writ of error is dismissed.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.