**The PEOPLE of the State of Colorado, Petitioner–Appellant, In the Interest of: B.J.F., Child,**

**And Concerning, C.F., Respondent–Appellee.**

No. 87CA1712.

Colorado Court of Appeals, Div. V.

Aug. 18, 1988.

Meconi & Kiehnhoff, Rocco F. Meconi, Canon City, for petitioner-appellant.

Marshall & Marshall, Warren T. Marshall, Canon City, for respondent-appellee.

VAN CISE, Judge.

The People appeal a trial court order granting the motion of C.F. (father) for relief from a judgment terminating the parent-child legal relationship between him and his minor child, B.J.F., which was certified as final pursuant to C.R.C.P. 54(b). We issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable order or judgment and, having reviewed the People's response to the order, we conclude that certification of the grant of father's C.R.C.P. 60(b) motion as a final judgment under C.R.C.P. 54(b) was improper. Accordingly, we dismiss the appeal.

An appellate court may not entertain an appeal of a decision improperly certified as final under C.R.C.P. 54(b). *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). It may raise and resolve the question of legal sufficiency of a C.R.C.P. 54(b) certification on its own motion. *Harding Glass Co. v. Jones, supra.*

In issuing a C.R.C.P. 54(b) certification, a trial court must determine: (1) that the ruling concerns an "entire claim for relief," (2) that the ruling constitutes an ultimate disposition of an entire claim, and (3) that there is no just reason for delay in entry of a final judgment on the claim. *Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986); *Harding Glass Co. v. Jones, supra.*

An order granting a motion for relief from judgment is not a final judgment. *Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136 (Colo.1985); *Westerkamp v. Westerkamp*, 155 Colo. 534, 395 P.2d 737 (1964). Rather, it sets the stage for further proceedings, leaving all previous orders and rulings subject to rescission or modification. *Broyles v. Fort Lyon Canal Co., supra.* Accordingly, the grant of a motion filed pursuant to C.R.C.P. 60(b) does not constitute an ultimate disposition of an entire claim, and a C.R.C.P. 54(b) certification is improper with respect thereto. *See Harding Glass Co. v. Jones, supra.*

Appeal dismissed.

PLANK and FISCHBACH, JJ., concur.