Raymond E. KEITH and Brenda M. Keith, Plaintiffs-Appellees,

and

Thomas K. Colbert and Virginia N. Colbert, Plaintiffs-Intervenors-Appellees,

v.

Stephen H. KINNEY, Third-Party Plaintiff and Defendant-Appellant,

v.

MOUNTAIN GRAVEL AND CONSTRUCTION, INC., a corporation, Third-Party Defendant.

No. 96CA1635.

Colorado Court of Appeals, Div. II.

Nov. 13, 1997.

Rehearing Denied Dec. 18, 1997.

Certiorari Denied July 27, 1998.

Karsh & Fulton, P.C., Seymour Joseph, Denver, for Plaintiffs–Appellees and Plaintiffs–Intervenors–Appellees.

Richard S. Luhman, P.C., Richard S. Luhman, Cortez, Berenbaum, Weinshienk & Eason, P.C., Richard L. Eason, Denver, for Third–Party Plaintiff and Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Stephen H. Kinney, appeals from a summary judgment entered against him in a proceeding to quiet title initiated by plaintiffs, Raymond E. and Brenda M. Keith. We dismiss the appeal without prejudice for lack of an appealable order.

The Keiths initiated this proceeding pursuant to C.R.C.P. 105 against Kinney and others to quiet title as to gravel on real property to which the Keiths owned surface rights and a fraction of the mineral rights. In their complaint, the Keiths asserted that, although Kinney had claimed that his mineral rights entitled him to the gravel on the property, their surface rights included gravel. Thomas K. and Virginia N. Colbert moved to intervene as plaintiffs based on their ownership interest in the property, and the trial court granted their motion.

Most of the named defendants stipulated that they had no interest in the gravel. However, Robert Bigler as trustee of the H.L. Bigler Irrevocable Trust, The Federal Land Bank of Wichita, and Kinney either answered or otherwise appeared.

In his answer to the intervenors' complaint, an answer to plaintiffs' amended complaint, and in a third-party complaint against Mountain Gravel and Construction Company, Inc., Kinney requested the court to determine the interests of all the parties to sand and gravel, to quiet title to the minerals, and to make a "complete adjudication of the rights of all parties hereto."

The Keiths and Colberts then filed a motion for "summary judgment re gravel rights." On July 24, 1995, the trial court entered an order determining that the Keiths and Colberts were owners of the gravel, and on July 31, 1995, the court certified its July 24, 1995, order as final pursuant to C.R.C.P. 54(b).

Kinney filed a timely appeal from the July 24, 1995, order. Inasmuch as it appeared that other issues were outstanding, this court issued an order to show cause why the appeal should not be dismissed for lack of a final appealable order. In Kinney's response, he requested that the appeal be dismissed without prejudice because, although the trial court had entered a C.R.C.P. 54(b) certification, the order was entered in error. The Keiths filed no response to that request, and the appeal was dismissed without prejudice.

In further proceedings before the trial court, the parties disputed the significance of the dismissal of the appeal, and ultimately, the trial court entered a "status order" on

August 2, 1996, which determined that the initial C.R.C.P. 54(b) order on the gravel rights had been a final judgment as to the Keiths, the Colberts, and defendants Robert Bigler, as trustee of the H.L. Bigler Irrevocable Trust, and The Federal Land Bank of Wichita. Therefore, the trial court concluded, it no longer had jurisdiction over those parties, and the only remaining claims were the third-party claims raised by Kinney.

Kinney filed this appeal from the "status order." On appeal, the parties argue, *inter alia*, whether either the 1995 gravel judgment, as certified pursuant to C.R.C.P. 54(b), or the 1996 status order is a final, appealable order. Kinney asserts that, although the order states that "all claims" against the named parties had been resolved and thereby determined rights to the gravel, no final judgment has been entered. On the other hand, the Keiths and Colberts assert that the gravel judgment was appealable and that, by consenting to dismissal of his first appeal, Kinney has lost any right to obtain review of that order. Thus, the threshold issue is whether the gravel judgment was properly certified pursuant to C.R.C.P. 54(b). We conclude that it was not.

In cases involving multiple claims or multiple parties, a judgment that does not resolve all claims against all parties and which would otherwise not be a final, appealable order may be certified for appellate review pursuant to C.R.C.P. 54(b). *See Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986). To be properly certified, the order must dispose of an entire individual claim and the trial court must determine that there is no just cause for delay. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

■ If an order is not final or does not completely dispose of a claim for relief, it should not be certified for appeal. The appellate court may raise and resolve this question *sua sponte*. *See Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385 (Colo.App.1985).

■ The three requirements for appellate certification, that the ruling must be upon an entire claim for relief, that it must be final in the sense of an ultimate disposition of an individual claim, and that there is

no just cause for delay, must all be satisfied. The correctness of the certification determines the appellate court's jurisdiction. *Lytle v. Kite*, 728 P.2d 305 (Colo.1986).

■ The first two criteria, that an entire claim for relief must be decided and that the ruling is final in the sense of an ultimate disposition of a claim, are interrelated. Although different formulations of "finality" have been stated over the years, the common theme is that it is the content of the order rather than its label which is dispositive. *See Cyr v. District Court*, 685 P.2d 769 (Colo.1984) (order final because it prevented any further action in the trial court).

■ In *Corporon v. Safeway Stores, Inc., supra*, in determining whether there were multiple claims or only a single claim with multiple grounds asserted in support of the claim, a division of this court adopted a pragmatic test to determine finality and held that claims for relief are multiple claims for purposes of C.R.C.P. 54(b) if a judgment rendered on one claim cannot bar recovery on the other claims.

Hence, the dispositive issue becomes whether the quiet title action here contains multiple claims that may be separately decided and certified pursuant to C.R.C.P. 54(b).

■ Actions to quiet title originated as claims in equity to invalidate claims adverse to the claimant. The equitable proceeding, known as a "bill *quia timet*" or bill of peace, addressed two types of situations. In the first type, one person challenged the claims of several others to the property. In the other, one person threatened a multitude of suits involving title to the property. F. Williams, *Quieting Title in Colorado* § 1 (1939); *see Logan v. Clough*, 2 Colo. 323 (1874). All parties with any claim to the property, or material interests which might be affected, were considered necessary to quiet title. F. Williams, *supra*, § 40.

Colorado established actions to quiet title as statutory proceedings in 1887. Colo. Sess. Laws 1887, ch. XXII, §§ 255 et seq. at 173. This provision, codified as § 274 of the Civil Code, *see* 1908 Rev. Stat., ch. XXII at 125, provided that the action could be brought

against any person who claimed an estate adverse to the party in possession.

In this statutory proceeding, all rights to the property were to be determined in a single action. A complete adjudication was to address all competing claims of the parties because a defendant could obtain affirmative relief even if a request for such relief was not presented in the form of a counterclaim. *See Scott v. Sullivan,* 79 Colo. 173, 244 P. 466 (1926); *Empire Ranch & Cattle Co. v. Herrick,* 22 Colo.App. 394, 124 P. 748 (1912); *see generally* F. Williams, *supra,* §§ 59 and 79.

A decree quieting title under this statutory process was to provide complete relief because the court had full jurisdiction over the controversy of title. F. Williams, *supra* § 94.

The Code of Civil Procedure was supplanted by adoption of the Rules of Civil Procedure in 1941, with C.R.C.P. 105 replacing the statutory proceeding to quiet title. C.R.C.P. 105(a), which has remained unchanged since 1941, provides:

> An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree make such additional orders as may be required in aid of such decree.

Thus, it is clear from the language of the rule that a C.R.C.P. 105 proceeding should completely adjudicate the rights of all parties to the action claiming interests in the property. *See Hopkins v. Board of County Commissioners,* 193 Colo. 230, 564 P.2d 415 (1977); *Merth v. Hobart,* 129 Colo. 546, 272 P.2d 273 (1954); *Vogt v. Hansen,* 123 Colo. 105, 225 P.2d 1040 (1950).

Even if a counterclaim is not pled, or an issue is not raised in the pleadings but is apparent from the evidence, the court should reach the issue to give full relief. *Hodge v. Terrill,* 123 Colo. 196, 228 P.2d 984 (1951);

*see generally* C. Krendl, *Colorado Methods of Practice* § 2441 (1991).

Applying these principles, we conclude that, by its nature, the action to quiet title here must address the interests of all of the parties in the sand, gravel, and other mineral deposits, and that, therefore, a limited resolution of those interests is not susceptible to certification under C.R.C.P. 54(b). These claims to title are presented in a single proceeding, and all such claims must be resolved because of the potential ramification of each claim on the others. Indeed, all of the parties who claim interest in the parcel are indispensable for a proper judgment to be entered. *See Hopkins v. Board of County Commissioners, supra* (C.R.C.P.105); *Lathrop v. John,* 73 Colo. 304, 215 P. 472 (1923) (§ 274 of the Civil Code); *Tucker v. McCoy,* 3 Colo. 284 (1877) (equitable proceeding). Also, any issue apparent from the pleadings or evidence needs to be resolved to quiet title. *Hodge v. Terrill, supra.*

Here, the gravel judgment did not address the issues raised by Kinney in his answer to intervenors' complaint and plaintiffs' amended complaint concerning the rights of all parties to sand or other minerals. Nor did the order address the issues raised in Kinney's third-party complaint.

Accordingly, we conclude that the trial court's gravel judgment was not properly certified pursuant to C.R.C.P. 54(b). Thus, the first appeal was properly dismissed without prejudice for lack of an appealable order.

The same principles result in the determination that the status order is not an appealable order. The status order stated that the claims of certain parties had been determined, but did not fully adjudicate the third-party claim and did not address the issue of rights to sand or other minerals. To the extent that the status order may be construed as certified pursuant to C.R.C.P. 54(b), *see Chambliss/Jenkins Associates v. Forster,* 650 P.2d 1315 (Colo.App.1982), the certification is erroneous.

Finally, because we have concluded that neither the gravel judgment nor the status order is a final appealable order, we reject the Keiths' and Colberts' argument that de-

fendant's challenge to the C.R.C.P. 54(b) certification is untimely.

The appeal is dismissed without prejudice.

CRISWELL and PIERCE*, JJ., concur.