**SALOMON SMITH BARNEY, INC.,
a New York corporation,
Plaintiff–Appellee,**

v.

**Steve SCHROEDER, Defendant–
Appellant.**

**No. 00CA1800.**

Colorado Court of Appeals,
Div. V.

Dec. 6, 2001.

Rehearing Denied Feb. 21, 2002.

LeBoeuf Lamb Green & MaCrae, LLP, John S. Lutz, Stephanie E. Dunn, Denver, CO, for Plaintiff–Appellee.

Clark S. Spalsbury, Jr., Estes Park, CO; Ciccarelli & Kenney, L.L.C., Christopher P. Kenney, Denver, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Steve Schroeder, appeals from a default judgment and related orders entered against him in favor of plaintiff, Salomon Smith Barney, Inc., and certified as final pursuant to C.R.C.P. 54(b). We dismiss the appeal.

Plaintiff leases office space in a building that Schroeder purchased in 1999 from Transmedia, Inc. Plaintiff brought this action against Transmedia and Schroeder to recover $137,440 for tenant improvements and alterations that Transmedia had allegedly agreed to pay for under pre–1999 lease amendments. Schroeder was named as a defendant along with Transmedia based on plaintiff's allegation, on information and belief, that he had assumed Transmedia's obligations under the lease amendments when he purchased the building in 1999.

Transmedia filed an answer denying liability and denying the allegation that Schroeder had assumed its lease obligations. Schroeder did not timely answer. On plaintiff's motion, a default judgment was entered against Schroeder for the amount sought in the complaint, plus attorney fees and costs. Schroeder's motions to set aside the judgment were denied, and the trial court ordered that plaintiff could begin satisfying the judgment by withholding rent payments to Schroeder.

Schroeder filed two appeals in this court that were dismissed for lack of a final order. The default judgment, the orders declining to set aside the judgment, the order permitting plaintiff to satisfy the judgment through abatement of rent, and an order regarding attorney fees were then certified by the trial court as final and appealable pursuant to C.R.C.P. 54(b). This appeal followed.

## I.

Schroeder contends that, because his liability to plaintiff depended on whether Transmedia was liable, the trial court's entry of default judgment against him was premature. We agree.

## A.

In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), the Supreme Court held that final judgment against a defaulting defendant could not enter until the claims against codefendants with whom he allegedly conspired were resolved on their merits. Although a default could properly enter against the defendant in *Frow*, and although he could not participate further in the proceedings, he would be entitled to the benefit of any favorable judgment that might enter against his codefendants.

Relying on *Frow*, the Colorado Supreme Court held in *Pratt v. South Canon Supply Co.*, 47 Colo. 478, 107 P. 1105 (1910), that default judgment against a defendant who was secondarily liable on the plaintiff's claim could not be entered until the plaintiff succeeded on its claim against the defendant who was primarily liable to it. In *Pratt*, the plaintiff had sued a coal company for sums owing to it and had alleged that Pratt was also liable because he had assumed the debt. The coal company denied liability. A default judgment was entered against Pratt when he failed to answer. The supreme court reversed, stating:

> There could not ... be a judgment against defendant Pratt unless there was also one against his co-defendant, the original debtor. This is so because Pratt's liability, if any, was secondary, not primary, and if the original debtor, the coal company, could not be held, Pratt could not.... The rule of law seems to be well recognized that where an action upon contract is brought against two defendants and one of them is in default, whose liability hinges upon that of his co-defendant whose answer is on file denying the liability, it is improper to render judgment against the defaulting defendant before trial of the issues raised by the answer of the co-defendant. The proper course is to await disposition of the trial as to the answering co-defendant.

*Pratt v. South Canon Supply Co., supra*, 47 Colo. at 479–80, 107 P. at 1106.

We note that *Pratt* does not appear to have been cited in any subsequent Colorado cases. However, more recently, courts from other jurisdictions have, like the *Pratt* court,

applied the *Frow* rule in situations where a defaulting defendant's liability is dependent on or secondary to that of nondefaulting codefendants. *See United States v. Peerless Insurance Co.,* 374 F.2d 942 (4th Cir.1967); *Harrison v. Bornn, Bornn & Handy,* 200 F.R.D. 509 (D.Vi.2001); *see generally* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2690 (1998).

Under *Frow* and *Pratt,* default judgment against Schroeder could not enter until there was a determination that Transmedia was liable to plaintiff.

### B.

We reject plaintiff's contention that we may not reach this issue because Schroeder did not properly raise it in the trial court.

As set forth below, the issue affects our jurisdiction. Thus, it may be raised at any time. *See J.P. Meyer Trucking & Construction, Inc. v. Colorado School Districts Self Insurance Pool,* 18 P.3d 198 (Colo.2001); *Keith v. Kinney,* 961 P.2d 516 (Colo.App.1997)(whether order was properly certified goes to court of appeals' jurisdiction and may be raised and resolved by that court sua sponte). Further, although he did not cite *Pratt,* Schroeder contended from the outset that he was simply a bystander to the dispute between plaintiff and Transmedia upon which the lawsuit was based, and he cited *Frow* in support of his contention that the default judgment could not be certified under C.R.C.P. 54(b).

### C.

■ We likewise do not agree with plaintiff's contention that, under *Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986), the *Frow* rule should not apply because plaintiff has stipulated that, if it prevails in this appeal, it will not pursue its claims against Transmedia.

In *Turchick & Kempter v. Hurd & Titan Construction,* 674 P.2d 969 (Colo.App.1983), *rev'd on other grounds sub nom. Kempter v. Hurd, supra,* a division of this court relied in part on the *Frow* rule in concluding that a partial default judgment entered against one

defendant was not a final appealable judgment. The supreme court reversed on other grounds and, because the plaintiffs' abandonment of their claims against the nondefaulting defendants made it unnecessary to address the issue, expressly declined to decide whether the court of appeals had misapplied *Frow.*

Plaintiff's reliance on *Kempter* is misplaced. *Kempter* did not involve a situation where, as in *Pratt* and in this case, the liability of the defaulting defendant depended on the liability of the nondefaulting defendant. Under *Pratt,* the plaintiff in such a case must first establish its claim against the defendant who is primarily liable to it before default judgment may enter on that claim against the defendant who is secondarily liable.

Moreover, although plaintiff is not pursuing its claims against Transmedia during the pendency of this appeal, the trial court's C.R.C.P. 54(b) order states that claims and defenses between plaintiff and Transmedia "remain pending before the Court herein and are not affected by this order." Thus, even if we assume that plaintiff could properly do so, it has not in fact "abandoned" its claims against Transmedia.

### II.

■ Because the trial court incorrectly entered a default judgment, the certification of that judgment pursuant to C.R.C.P. 54(b) was likewise improper. *See Turchick & Kempter v. Hurd & Titan Construction, supra* (default judgment against one of several jointly and severally liable defendants was not a final judgment as to even one claim for relief and could not be cured and made appealable by use of C.R.C.P. 54(b)).

Thus, although we have jurisdiction to decide the legal sufficiency of the C.R.C.P. 54(b) certification, *see Keith v. Kinney, supra,* we lack jurisdiction to consider the issues raised by Schroeder on appeal regarding the adequacy of service on him and regarding the denial of his motions to set aside the default judgment. *See People in Interest of B.J.F.,* 761 P.2d 297 (Colo.App.1988). However, on remand, the

trial court should reconsider Schroeder's motions under the standards applicable to motions to set aside entries of default rather than those applicable to motions to set aside default judgments. *See* C.R.C.P. 55(c); *Sumler v. District Court,* 889 P.2d 50 (Colo.1995); *Singh v. Mortensun,* 30 P.3d 853 (Colo.App.2001).

The appeal is dismissed.

Judge KAPELKE and Judge CASEBOLT concur.