FILED
United States Court of Appeals
Tenth Circuit

November 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM MOSHER; LYNN MOSHER,

Plaintiffs - Appellants,

v.

LONG BEACH MORTGAGE
COMPANY, a Delaware corporation;
DEUTSCHE BANK NATIONAL
TRUST COMPANY, a Nevada
corporation, as Trustee for Long Beach
Mortgage Loan Trust 2006-7,

Defendants - Appellees.

No. 14-1065
(D.C. No. 1:12-CV-00729-WJM-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

William Mosher and Lynn Mosher brought this action in Colorado state court,

seeking to quiet title to their property in Fairplay, Colorado ("Property"). The

defendants removed the case to federal district court based on diversity jurisdiction.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1332.  The district court granted the defendants' motion for summary

judgment, and denied the Moshers' motion.  The Moshers appeal.

## BACKGROUND

There is no genuine dispute concerning the material facts of this case, which

the district court stated as follows:

> In 2006, Plaintiff William Mosher sought out a loan to consolidate debt on real property he owned with his mother, Marie Phillips, in Fairplay, Colorado (the "Property").  William Mosher spoke with agents of Long Beach Mortgage Company to secure this loan.  William Mosher informed the loan officer that he wanted a loan in his name only, because his wife, Plaintiff Lynn Mosher, did not have adequate credit.

> On June 30, 2006, Marie Phillips and William Mosher signed a title conveying the land to William and Lynn Mosher.  William Mosher also signed a Note, Deed of Trust, and Adjustable Rate Rider for the loan transaction.  These loan documents were witnessed by notary Linda Efird.

> On July 7, 2006, at the request of Long Beach Mortgage Company's agents, Efird sought out Lynn Mosher and had her sign the Deed of Trust, in addition to her husband.  William Mosher was not aware that his wife's name was on the Deed of Trust.

> Per the terms of the Note, Long Beach Mortgage gave William Mosher $502,000.00.  William Mosher used the loan proceeds to pay off existing debt in the amount of $399,112.54.  This included credit card debt, a lien for back taxes from Plaintiffs' restaurant business, and two previous mortgages against the Property.  After these expenses were paid, Plaintiffs had $81,016.98 remaining in loan proceeds, which they deposited into their own account and later spent.

> In fall 2007, William Mosher attempted to refinance the loan.  He was conditionally approved for refinancing, but ultimately denied because of debts owed by Lynn Mosher.  William Mosher believes that he would have been able to refinance the loan if the Deed of Trust had been only in his name.

Beginning in late 2009, William Mosher stopped making payments on the Note. Plaintiffs have made only four payments on the Note since September of 2009.

Defendant Deutsche Bank is the trustee for Long Beach Mortgage Trust 2006-7, which was the holder of Plaintiffs' Note. Deutsche Bank instituted foreclosure proceedings under Colorado Rule of Civil Procedure 120 against the Property in September 2010. When preparing his response to the Rule 120 proceeding, William Mosher discovered that his wife had signed the Deed of Trust. The Rule 120 proceeding was dismissed for failure to prosecute in June 2011. Defendants have not attempted to re-file the Rule 120 foreclosure action.

On February 20, 2011, Plaintiffs filed this action in Park County District Court seeking to quiet title on the Property in their favor. Deutsche Bank was not originally named as a defendant in the case, but was added as a party in Plaintiffs' Amended Complaint, filed February 28, 2012. Deutsche Bank removed the case to [the district court] on March 22, 2012.

Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment, Aplt. App., tab "M" at 2-4 (citations omitted).

The Moshers' second amended complaint, filed in federal court, contained claims for quiet title and unjust enrichment. In their summary judgment pleadings, the Moshers asked the district court to quiet title to the Property in them by voiding the note and deed of trust and by rescinding the entire loan transaction. But they did not offer to return any of the loan proceeds. In essence, the relief they requested would have permitted them to keep the loan proceeds and the Property, free and clear of any obligation to the defendants under the note or deed of trust.

The district court granted summary judgment against the Moshers because it determined they failed to satisfy an essential element of rescission under Colorado

- 3 -

law.  It noted that "[t]he record contains no indication that Plaintiffs have returned or even offered to return the $502,000.00 they received upon execution of the Note." *Id.* at 7.  It found their request to "the Court to order rescission of the contract and quiet title in their favor without having to repay any portion of the money they obtained from the transaction . . . . patently inequitable" and contrary to "long-standing Colorado law which provides that a party seeking rescission must return the adverse party to the position in which he found himself prior to entering into the contract." *Id.*  Under the circumstances, neither their allegations of fraud nor assertions of negligent misrepresentation entitled the Moshers to rescission.

The district court then proceeded to adjudicate the parties' legal rights with respect to the Property for quiet title purposes.  It concluded that William Mosher had acknowledged signing the loan documents of his own free will and that he understood that if he failed to make timely payments on the note, the lender could take the Property.  Lynn Mosher acknowledged that the signature on the deed of trust was hers.  The Moshers' only challenge to the documents related to the manner in which Lynn Mosher's signature was obtained.  But this alone did not entitle the Moshers to rescission, which was the only relief they sought.  Accordingly, the district court granted summary judgment to the defendants on the quiet title claim.

The district court also determined that the defendants were entitled to summary judgment on the Moshers' unjust enrichment claim.  It concluded that "if either party has unjustly retained an interest in the Property in this case, it is the

- 4 -

Plaintiffs, based on the fact that they have retained possession of the Property for over four years despite making only minimal payments on the Note." *Id.* at 10-11.

## ANALYSIS

### 1. Standard of Review

We review the district court's grant of summary judgment de novo. *Colo. Dep't of Pub. Health & Env't v. United States*, 693 F.3d 1214, 1221 (10th Cir. 2012). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

### 2. Quiet Title Claim

The Moshers argue that the district court erred "by attempting to apply the relief of rescission, which was not [pled], instead of the relief of Quiet Title." Aplt. Opening Br. at 15. Although their motion for summary judgment contained numerous references to rescission, they now contend that they do not seek to "rescind" the entire transaction. Instead, they seek to have the fraudulently signed deed of trust declared null and void, "thereby removing the cloud from the title to the property." *Id.* at 18. With this accomplished, they explain, "Deutsche Bank would still be free to attempt to collect on the Note," *id.* at 31, subject to any defenses they might assert and their right to seek damages based on fraud. *See also* Aplt. Reply Br. at 11 ("[Mr.] Mosher has never said that he never intended to pay back the loan evidenced by the Note.").

The problem with this argument is that it is entirely different from the one they pursued in district court. There, they insisted that the note and deed of trust must be considered and construed *together* as part of the same transaction, and should both be declared void. Aplt. App., tab "G" at 15-17. They argued that "the unauthorized addition of Lynn Mosher's name [to the deed of trust] should result in failure *of the entire transaction*, *including the Note*." *Id.* at 17 (emphasis added). The Moshers also argued that "The Contract Consisting of the Entire Loan Transaction Should be *Rescinded*," *id.* (emphasis added), and that "William Mosher is entitled *to rescission* because the Defendant materially changed the terms of the deal and . . . he filed this claim soon after discovering the defect," *id.* at 18 (emphasis added). They requested, inter alia, "that an order be entered quieting title in them and *declaring the Note and Deed of Trust void*." *Id.* at 27 (emphasis added).[1] But, as the district court found, they did not offer to repay any portion of the remaining proceeds advanced by the defendants.

To the extent they now seek to backpedal by announcing their willingness to accept a more narrowly tailored and appropriate form of relief—voiding only the

_____

[1]    This argument departed from their second amended complaint, which only sought to void the fraudulently signed deed of trust. Aplt. App., tab "C" at 3. But in their summary judgment pleadings, they sought a constructive amendment to their complaint by requesting that the entire transaction be rescinded. When the defendants objected to this expansion of the Moshers' claim beyond the scope of their complaint, *id.*, tab "I" at 14, the Moshers did not retreat from their position; they responded that "[t]he *voiding of the entire transaction* is the proper remedy," and that "the *voiding of the Deed of Trust and Note* are called for and supported by case law," *id.* tab "K" at 14 (emphasis added).

deed of trust containing the unauthorized signature rather than the entire

transaction—we reject the Moshers' attempt to structure a new argument and new

theory of recovery on appeal. Legal theories not raised in the district court are

forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir.

2011). Forfeiture also applies to a party's attempt to obtain relief that was not

requested in district court. *See Roudachevski v. All-American Care Ctrs., Inc.*,

648 F.3d 701, 704 n.4 (8th Cir. 2011). We decline to fashion an equitable remedy for

the Moshers that differs from the one they sought in district court.

As to the relief they did request, the district court correctly determined that the

Moshers were not entitled to rescind the transaction, without providing any

compensation to the defendants, as part of their quiet title claim. Colorado quiet title

actions follow Colorado Rule of Civil Procedure 105(a), which permits a party to

bring an action "for the purpose of obtaining a complete adjudication of the rights of

all parties . . . with respect to any real property and for damages, if any, for the

withholding of possession." Such actions sound in equity and are governed by

equitable principles. *FDIC v. Mars*, 821 P.2d 826, 830 (Colo. App. 1991); *Nielsen v.

Woods*, 687 P.2d 486, 489 (Colo. App. 1984); *see also Keith v. Kinney*, 961 P.2d 516,

519 (Colo. App. 1997) ("Actions to quiet title originated as claims in equity to

invalidate claims adverse to the claimant." (internal quotation marks omitted)). The

court considering such a claim is tasked with the equitable duty of "completely

adjudicat[ing] the rights of all parties to the action claiming interests in the property." *Id.* at 519.

In district court, the Moshers requested relief that the district court found patently inequitable. Their requested relief would have rescinded the entire transaction, voiding both the note and mortgage, while permitting Mr. Mosher to retain the entire remaining unpaid balance of the money defendants paid him upon his execution of those documents. Even assuming his wife's signature was obtained by fraud and effectively prevented him from refinancing the Property, a court of equity could not grant the relief requested. The Moshers' proposed adjudication of rights in the Property would have assigned no interest at all to the defendants in respect of over half a million dollars they paid to Mr. Mosher. The Moshers fail to show that this result would represent anything resembling an equitable adjudication of the parties' interest in the Property.[2] We therefore affirm the district court's grant of summary judgment on the quiet title claim.

---

[2] The Moshers claim that they "paid over $160,000 in interest charges on the Note," Aplt. App., tab "K" at 9, made regular payments on the note until 2009, and made four additional payments in 2010. They argue the district court therefore erred in determining that they sought relief without repaying the defendants anything of value. Aplt. Opening Br. at 19. Interest charges typically represent compensation to a lender for the use of its money. Had the Moshers offered to repay the defendants all or part of the remaining loan proceeds they obtained, any principal payments they had already paid, along with any other damages the district court determined were due to the Moshers as a result of the alleged fraud, could have been offset against their obligation to repay the funds advanced by the defendants. But that is not the relief the Moshers sought in district court.

### 3. Unjust Enrichment Claim

The Moshers have abandoned their unjust enrichment claim for purposes of this appeal.  *See* Aplt. Opening Br. at 32.  Accordingly, we affirm summary judgment on this claim as well.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge